HOFFMANN, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*January 9—January 30, 1906.*

*Limitation of actions: Statutes: Commencement of actions as to time: Same as to conditions precedent: Notice of injury, by whom given: Infants: Constitutional law.*

1. The notice required by subd. 5, sec. 4222, Stats. 1898, is not a limitation upon the time for commencement of actions, but a condition or limitation upon the right to maintain actions unless such notice shall be served within one year after the happening of the event causing damage, or unless such notice shall become unnecessary by the actual bringing of the action within such year as provided by ch. 307, Laws of 1899.

2. Subd. 5, sec. 4222, Stats. 1898, contains no exception in favor of minors, and sec. 4233, while extending the time within which a minor may commence an action, plainly exempts minors from the operation of the statute limiting the *time* for commencement of actions only, and has no reference to the statute providing for the service of notice. Hence, where a minor failed for one year after an injury causing damage to either give the required notice or bring his action, an action subsequently brought cannot be maintained.

3. Under subd. 5, sec. 4222, Stats. 1898 (providing that the required notice shall be signed by the party damaged, his agent or attorney), it is sufficient if the notice show that it is given in behalf of the party who brings the suit, and, if in behalf of a minor, the notice may be given by his father, the natural guardian.

4. Subd. 5, sec. 4222, Stats. 1898, as to actions accruing after its passage, is not obnoxious to any constitutional provision.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This action was brought by a minor to recover damages for personal injuries sustained in September, 1901. The action was not commenced until more than one year had elapsed after the happening of the event which caused the injury. No

notice was served by plaintiff as required by subd. 5, sec. 4222, Stats. 1898, and this was pleaded in bar to the action by defendant. It was admitted on the trial that the action was not commenced until more than one year after the date of the injury and that no notice had been served. Defendant admitted in open court that it was guilty of negligence, which was the proximate cause of plaintiff's injury, and that plaintiff was not guilty of contributory negligence. It was further admitted that plaintiff was about nineteen years of age when the injury occurred and about twenty when the action was commenced. It was stipulated upon the trial that the plaintiff had proved damages in the sum of $1,000, and that they should be assessed at that sum if she recovered. The court ordered judgment for plaintiff, which was entered, and afterwards, on motion of defendant, vacated and set aside and judgment ordered for defendant. Plaintiff's motion for new trial was denied, and judgment entered in favor of defendant dismissing plaintiff's complaint with costs, from which this appeal was taken.

For the appellant there was a brief by *Fiebing & Killilea,* and oral argument by *W. F. Adams.*

*Clarke M. Rosecrantz,* for the respondent.

KERWIN, J.  Two questions are presented for consideration upon this appeal: (1) Whether persons under twenty-one years of age are required to give the notice provided for in subd. 5, sec. 4222, Stats. 1898, as amended, within one year after the happening of the event causing the damage, in order to maintain an action commenced after the expiration of such year. (2) If subd. 5, sec. 4222, Stats. 1898, does require the giving of such notice, is it valid?

1. A brief reference to the statutes respecting limitation of time for the commencement of actions will show that the notice referred to in subd. 5, sec. 4222, Stats. 1898, is not a

limitation upon the time for commencement of actions, but a
condition or limitation upon the right to maintain actions un-
less the notice shall be served within one year after the hap-
pening of the event causing the damage. Sec. 4206 (ch. 177)
provides that civil actions can only be commenced within the
periods of time prescribed, except when in special cases a
different limitation is provided by statute. Sec. 4219 of the
same chapter provides that the "following actions must be
commenced within the periods respectively hereinafter pre-
scribed after the cause of action has accrued." Then follow,
in this chapter: sec. 4220, providing a twenty-year limita-
tion; sec. 4221, a ten-year limitation; sec. 4222, a six-year
limitation; sec. 4223, a three-year limitation; sec. 4224, a
two-year limitation, and sec. 4225, a one-year limitation.
Sec. 4233 provides:

"If a person entitled to bring an action mentioned in this
chapter, . . . be, at the time the cause of action accrued,
. . . within the age of twenty-one years, . . . the time of
such disability is not a part of the time limited for the com-
mencement of the action."

Sec. 4249 of the same chapter in effect provides that the
periods of limitation, unless otherwise specially prescribed by
law, must be computed from the time of the "accruing of the
right to relief by action." These several sections, from 4206
to 4249, inclusive, were passed before ch. 304, Laws of 1897,
and relate exclusively to limitations upon the commencement
of actions, while ch. 304, Laws of 1897, which was added to
subd. 5, sec. 4222, as rewritten into the Statutes of 1898, is a
separate and independent provision imposing a condition to
be performed necessary to the maintenance of the action after
the expiration of one year from the happening of the event
causing the damage. *Malloy v. C. & N. W. R. Co.* 109 Wis.
29, 85 N. W. 130; *Relyea v. Tomahawk P. & P. Co.* 102 Wis.
301, 78 N. W. 412; *Troschansky v. Milwaukee E. R. & L.*

*Co.* 110 Wis. 570, 86 N. W. 156. Ch. 304, Laws of 1897, provides:

"No action to recover damages for an injury to the person shall be maintained unless, within one year after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made, and that satisfaction thereof is claimed of such person or corporation."

Ch. 307, Laws of 1899, dispenses with the above notice, when the action shall be brought and the complaint served within one year after the happening of the event causing the damage. Ch. 304, Laws of 1897, was in force when the plaintiff's cause of action accrued and imposed a condition, by its terms, upon all persons, without exception, to serve the notice provided for in order to maintain an action after the expiration of one year from the happening of the event causing the damage. No exception is made in favor of minors in this statute, and none can be ingrafted upon it by the courts. Statutes of limitation run against minors in the absence of exemption in their favor. Buswell, Limitations, § 104; Angell, Limitations, § 194.

It is urged, however, that this statute requiring the giving of notice within one year is a statute of limitation upon plaintiff's right of action, and within the protection of sec. 4233, and a very able and ingenious argument is presented in support of this contention. It is insisted that the law of 1897 in effect limits the plaintiff's right of action to one year and must, therefore, be regarded a statute of limitation. But a sufficient answer to this is that she would still have the statutory period within which to commence her action, provided she complied with the law of 1897. In *Troschansky v. Mil-*

*waukee E. R. & L. Co., supra,* in considering the question, this court said:

"The statute does not assume to limit the time in which the action is to be commenced. . . . The limitation is not upon the time of the commencement of the action, but upon the time within which a certain prescribed act, necessary to the enforcement of his cause of action, shall be done. If this is not performed within the time so limited, he loses his right to proceed."

The same reasoning applies to the argument of counsel that plaintiff is within the protection of the disability statute (sec. 4233). That statute plainly and unequivocally contains a saving clause in favor of persons under twenty-one years of age respecting the commencement of actions, and cannot by any legitimate construction be held to apply to the statute requiring the giving of notice.

Counsel strenuously urges that sec. 4233 should be so construed as to exempt minors during their disability from the operation of ch. 304, Laws of 1897. But we think this contention untenable. The disability statute plainly exempts minors from the operation of the statute limiting the time for commencement of actions only, and has no reference to the statute providing for the service of notice. Counsel has quoted from various decisions of this court to the effect that this law requiring notice is a statute of limitation, and in the sense used by this court in *Relyea v. Tomahawk P. & P. Co.* 102 Wis. 301, 78 N. W. 412, and other cases, it is a statute of limitation in that it imposes a condition upon the right to maintain the action, which must be performed within one year, but is in no sense a limitation upon the time for the commencement of actions, and it is very clear that the disability statute refers only to limitations upon the time for the commencement of actions. In *Malloy v. C. & N. W. R. Co.* 109 Wis. 29, 31, 85 N. W. 130, in considering this question the court said that "the requirement of notice simply set a new limit within which a certain step necessary to enforce

the right of action must be exercised." And again on page 32 (85 N. W. 131):

"Unquestionably, the legislative purpose was to require the injured party to inform the other within a reasonable time, fixed at one year, of his intention to hold him responsible. If he did so, then he might commence his action any time within six years. If he did not, then his right would be forfeited. The primary purpose seems to have been that notice should be given to afford the defendant an opportunity to investigate the circumstances before they got stale and to preserve evidence for his defense."

So the mischief to be avoided by the act required the service of notice by all, minors as well as adults, in order to accomplish the result, and it is not unreasonable to believe that the legislature had this in mind when the act was passed and concluded to make no exemption in favor of minors, but leave the protection of their rights to those charged with their care and maintenance. But it is not for us to speculate as to the purpose of the legislature. It is sufficient to say that minors are not exempted from the operation of the law, and we cannot disregard its plain language. Whether it would have been wise for the legislature to have exempted minors from the operation of the statute requiring notice to be given is a question for the legislature and not for the courts.

Many cases are cited by counsel for appellant on statutory construction, and especially the construction which statutes *in pari materia* should be given; but none of these cases violate the well settled rule, but on the contrary affirm it. We quote from *Mundt v. Sheboygan & F. R. R. Co.* 31 Wis. 451, 457:

"Courts cannot correct supposed errors, omissions, or defects in legislation. The office of interpretation is to bring out the sense where the words used are in some manner doubtful, and where these are plain and unambiguous the court cannot depart from the language of the statute. This court has too often of late had occasion to repeat and enforce these

rules, to permit them now to be called in question or disre-
garded. It is only where the intention of the legislature is
ambiguously expressed, so as to be fairly capable of two or
more meanings, that interpretation or any latitude of con-
struction is allowable."

The statute in question is clear and unambiguous, and if
its words be given their plain, obvious, and ordinary mean-
ing there can be no room for doubt that the legislature in-
tended the statute requiring notice to be served within one
year after the happening of the event causing the damage
should apply to all persons. To give it any other construction
would be to disregard the plain meaning of the statute. Suth-
erland, Stat. Const. § 238; *Smith v. C., M. & St. P. R. Co.*
124 Wis. 120, 102 N. W. 336.

It is suggested by counsel for appellant that no provision
is made by statute for the signature of the minor to the no-
tice. The statute provides that the same shall be signed by
the party damaged, his agent or attorney. It is sufficient if
the notice shows that it is given on behalf of the party who
brings the suit. *McKeague v. Green Bay,* 106 Wis. 577, 82
N. W. 708. The father, the natural guardian, may give such
notice on behalf of the minor. *Reed v. Madison,* 83 Wis.
171, 53 N. W. 547.

2. It is further contended that if the statute requiring no-
tice within one year applies to persons under twenty-one
years of age, it is unconstitutional and void as repugnant to
the first section of the fourteenth amendment to the constitu-
tion of the United States, and sec. 9 of art. I of the constitu-
tion of the state of Wisconsin. But it is sufficient to say, in
reply to this contention, that the legislature has the right to
impose conditions and pass limitation statutes running against
minors as well as adults, and the question for consideration is
whether a reasonable length of time be given after the right
accrues within which to enforce it. It will be observed that
in the case before us the plaintiff's right of action accrued

after the passage of the statute in question, while some of the cases cited by counsel for appellant are cases where the statute was passed after the right of action accrued, and it was held that the time was unreasonably short. In one of the cases cited it was held that forty-eight hours was an unreasonable time, while in another thirty days was held unreasonable. But we have not been cited to any case, nor have we found any, which holds that one year is unreasonable. It is not necessary to decide whether the plaintiff had a property right in future causes of action not in existence at the time of the passage of the statute in question, within the meaning of the fourteenth amendment of the federal constitution, nor to consider whether under the state constitution the remedy respecting future causes of action could be wholly cut off, because, assuming that it could not, we are satisfied that one year is a reasonable time within which to serve the notice in actions accruing after the passage of the act, and hence that the law is not obnoxious to any constitutional provision. *Smith v. Packard,* 12 Wis. 371; *Terry v. Anderson,* 95 U. S. 628; *Turner v. New York,* 168 U. S. 90, 18 Sup. Ct. 38. It follows that the judgment of the court below is right and must be affirmed.

*By the Court.*—Judgment affirmed.