610     SUPREME COURT OF WISCONSIN.     [JAN.

State ex rel. Knapp v. Pohle, 185 Wis. 610.

STATE EX REL. KNAPP, Petitioner, vs. POHLE, Town Clerk, Defendant.

SAME, Petitioner, vs. BENNETT, Town Clerk, Defendant.

*January 13—January 26, 1925.*

*Estoppel: Joint school districts: Asserting rights under order of annexation long ignored: Effect on taxpayer residing in district.*

1. Municipal corporations may be estopped on the same principles as individual persons as to matters within the scope of their powers, governmental as well as proprietary.   p. 614.
2. Where school districts, affected by an order of the county committee on common schools annexing territory to a joint district, ignored such order, and for a period of two years neither the joint district nor the others operated under such order, but all the districts involved actually participated in the formation of another joint school district which included a great portion of the annexed territory, such districts and a taxpayer residing in one of them were estopped to assert any rights under the order so disregarded; secs. 40.03 and 40.06, Stats. 1921, though not applicable, having a bearing on the question of public policy involved.   p. 615.

THESE ARE ORIGINAL ACTIONS brought in this court praying for peremptory writs of *mandamus* to compel the respondent town clerks to certify to the district clerk of Joint School District No. 3 (hereinafter referred to as the Joint District) of the village and town of Bloomington, in Grant county, a statement of the valuation of the real and personal property in that part of the school district lying in their respective towns, as required by sec. 40.20, Stats.   The petitions filed are similar in form and each raises the same question.   From the petition and the return to the alternative writ it appears that in December, 1921, a petition praying for the consolidation of certain school districts in the town of Bloomington and the town of Little Grant with the Joint District was filed with the proper authorities.   The petition was denied and an appeal was taken to the county

committee on common schools. That committee made and filed its order upon the hearing of such appeal. Said order was dated March 24, 1922, and was to take effect on the 1st day of June, 1922. It dissolved a number of school districts lying within said town of Bloomington and said town of Little Grant, attaching a portion of the territory of said district so dissolved to said Joint District and the remainder thereof to other adjoining school districts. An appeal to the state superintendent from this order resulted in an affirmance thereof by that official. A writ of *certiorari* addressed to the state superintendent was issued out of the circuit court for Dane county to review said order. Said *certiorari* proceedings were never brought to a hearing and are still pending in that court. It appears that all school districts affected by said order continued to function just as though said order had never been made. The Joint District never attempted to levy taxes upon the territory thus annexed and continued to charge tuition for pupils attending its school from such territory. In December, 1923, the Joint District made a loan from the state trust fund, and in all proceedings touching and affecting said loan said district disregarded the territory so attached by said order, and accorded to those living within said territory no voice whatever in the matter of making said loan. The property of said various districts so dissolved by said order has remained in the custody of said districts, and no effort or attempt has been made to obtain possession thereof by the Joint District.

On the 6th day of March, 1924, by proper proceedings, much if not all of the territory attached to said Joint District by said order of the county committee on common schools was formed into a joint consolidated district known as joint consolidated district No. 1 of the towns of Bloomington and Beeton; that such consolidated school district No. 1 has fully organized, elected officers, and commenced to function, and that more than four months have elapsed since it was organized.

These actions were brought by a taxpayer of the village of Bloomington. An alternative writ of *mandamus* to the respective town clerks issued out of this court on the 18th day of November, 1924, by the terms of which said town clerks were restrained from delivering the tax roll to the town treasurer until the further order of the court herein. The town clerks severally made return to such peremptory writs, to which returns the petitioner demurred.

For the petitioners there was a brief by *Kopp & Brunckhorst* of Platteville, and oral argument by *Arthur W. Kopp*.

For the defendants there were briefs by *Olin & Butler,* and oral argument by *R. M. Rieser,* all of Madison.

The following decision was announced January 26, 1925:

*By the Court.*—Peremptory writ of *mandamus* denied, and temporary injunction vacated. An opinion will be filed later.

The following opinion was filed February 10, 1925:

OWEN, J. The decision of this court denying the peremptory writ of *mandamus* and vacating the temporary injunction was filed on the 26th day of January, 1925. It will be the function of this opinion to state the grounds upon which that decision was based.

These actions are very similar to those of *State ex rel. Horton v. Brechler* and *State ex rel. Horton v. Ketterer,* decided herewith (*ante,* p. 599, 202 N. W. 144), and the original jurisdiction of this court was exerted for the reasons stated in the opinion in those actions. We are confronted, at the outset, with the question of whether the territory annexed to the Joint District by the order of the county committee on common schools is now a part of the Joint District. Conceding that the order was in all respects regular and valid, we are met with the fact that it was never

recognized as such by any of the districts affected.   The Joint District never assumed to exercise any jurisdiction over the territory annexed by said order, nor did the school districts dissolved thereby discontinue to function.   They continued to operate for a period of two years after the order was made, just as though said order had never been made.   The Joint District not only failed to exercise, or attempt to exercise, jurisdiction over the annexed territory, but it most solemnly and deliberately disavowed any such jurisdiction in the proceedings taken by it leading up to a loan from the trust funds of the state as late as December, 1923.   Likewise the outlying school districts affected by the order not only failed to recognize the validity of the order, but they affirmatively disavowed its validity by actively participating in the formation of a consolidated joint school district which included all or a great portion of the territory thus annexed.

Here we have affirmative action on the part of both parties (construing the Joint District as one party and the outlying territory as another) disavowing the legality or effect of said order, the action of each being taken without protest from the other.   Under such circumstances, should either party now be permitted to assert any rights under and by virtue of the order?   It is true that the statute does not make any affirmative action on the part of consolidated districts necessary to complete the consolidation.   The statute (sec. 40.03) does, however, provide that a "district shall be deemed organized when any two of the officers elected at its first legal meeting file with the clerk and cause to be recorded in the minutes of such meeting their written acceptance of the offices to which they have been respectively elected or when said officers shall have failed for a period of ten days or more to state their refusal in writing.   A district shall also be deemed legally formed when it has been duly organized and has exercised the rights and privileges of a district for a period of four or more months."

Of course where territory is attached to a district already in existence such school district already has its officers and, presumably, does exercise the rights and privileges of a district; so that a provision such as that embodied in sec. 40.03 is not essential where territory is annexed to an already existing district. But the query arises, How long may districts thus consolidated continue to ignore an order of consolidation such as this without being estopped from asserting any rights thereunder?

It is quite apparent that there should be some limit to the time when the districts affected by such an order may continue to function in disregard of the order without being estopped to assert any rights thereunder. It is now settled that municipal corporations may be estopped upon the same principles and under the same circumstances as individual persons as to matters within the scope of their powers. *Eau Claire Dells Imp. Co. v. Eau Claire,* 172 Wis. 240, 179 N. W. 2, and cases there cited. This applies to their governmental as well as their proprietary functions, though perhaps clearer proof is required in the former case. *Ibid.*

By sec. 40.06, Stats., it is provided that "If a district for two or more successive years neglect to maintain school as required by law, the town board of the town embracing the district shall upon the recommendation of the county superintendent attach the same to such other adjoining district or districts in the town as they shall judge proper." This provision has no application to the present situation except in so far as it may have a bearing upon the time within which a consolidated district may affirmatively ignore an order such as this without incurring a forfeiture of its rights thereunder. The statute quoted does declare a certain public policy which has a bearing upon this question. That such a disregard continued for two years may not be controlling under all circumstances, may be conceded. But where, as here, third parties have been affected, different relations have been assumed, and confusion will result from enforcing

State ex rel. Knapp v. Pohle, 185 Wis. 610.

the order, we think it should be held that the Joint District is estopped from asserting any rights under the order. This is especially true where, as in this case, it is apparent that the order is distasteful to, and is resented by, a large proportion of those affected by the order. The proposed consolidation was denied by the local town and village boards. This no doubt represented the public sentiment of the community affected by the proposed consolidation. The order has not met with cheerful or any other acquiescence on the part of those living within the territory attached to the original district. Neither has the Joint District attempted to assert its authority in such outlying district, but by its acts it has rather disavowed any such authority. This action even is not brought by the Joint District. It is brought by a mere taxpayer residing in the village of Bloomington. Whatever his rights, they certainly do not rise above those of the Joint District. It may well be that the course followed by the Joint District reflects the majority sentiment therein. But whether it does or not, it seems quite plain that the peace and contentment of that community will be better promoted by now holding that the conduct on the part of all the school districts affected has been such as to estop each and all of them from asserting any rights or privileges under the order of annexation.

For these reasons the relief prayed for was denied by the judgment of this court filed on the 26th day of January, 1925.