WILL, by Guardian *ad litem,* and another, Respondents, vs. JESSEN and others, Appellants.

*September 14—October 9, 1956.*

For the appellants there were briefs by *Lines, Spooner & Quarles,* attorneys, and *James C. Mallien* of counsel, all of Milwaukee, and oral argument by *Mr. Mallien.*

For the respondents there was a brief and oral argument by *Peter N. Flessas* and *John J. Valenti,* both of Milwaukee.

WINGERT, J. It is undisputed that no notice of injury conforming to the requirements of sec. 330.19 (5), Stats., was served on either the driver or owner of the truck which caused the injury, within two years after the date of the accident. Service of a notice of injury on the Insurance Company was not a compliance with the statute, which requires service on "the person or corporation by whom it is claimed such damage was caused." *Ylen v. Mutual Service Casualty Ins. Co.* 263 Wis. 270, 272, 57 N. W. (2d) 391; *Ausen v. Moriarty,* 268 Wis. 167, 177, 67 N. W. (2d) 358. The attempt to serve the notice on the driver and truck owner by placing it in the hands of a process server was not the equivalent of actual service and did not meet the requirement of the statute. *Dostal v. Magee,* ante, p. 228, 232, 77 N. W. (2d) 604.

Notwithstanding the unqualified terms of sec. 330.19 (5), Stats., a defendant may be estopped by his conduct from taking advantage of failure to comply with the statute. *Guile v. La Crosse Gas & Electric Co.* 145 Wis. 157, 130 N. W. 234; *Maurer v. Northwestern Iron Co.* 151 Wis. 172, 138 N. W. 636; *Olson v. Stella Cheese Co.* 254 Wis. 62, 64, 35 N. W. (2d) 220. If the facts asserted in the affidavit of the injured boy's father be proved, without a showing of mitigating facts, such an estoppel will have arisen against the defendant Insurance Company.

On the motion for summary judgment, the facts stated in the father's affidavit, which were not controverted in any way, are to be taken as true. We consider that they make a clear case of estoppel against the Insurance Company. The company's representative assured the injured boy's father that legal counsel was not necessary; in reliance on such representation the father proceeded with negotiations without

counsel; "throughout the negotiations for settlement . . . affiant was repeatedly assured and advised that it would not be necessary to obtain the aid of legal counsel;" and not until twenty-four hours before the second anniversary of the accident was he notified that a notice of injury had to be filed. While there is no specific allegation that the father relied on the adjuster's assurances in not serving the notice, it is a fair inference that he did rely on them in not consulting an attorney until too late, and hence that they lulled him into neglecting action which presumably would have led to the timely service of notice.

That is sufficient if proved to make a case of estoppel against the defendant Insurance Company. *Guile v. La Crosse Gas & Electric Co.* 145 Wis. 157, 130 N. W. 234; *Cohan v. Associated Fur Farms, Inc.,* 261 Wis. 584, 594, 53 N. W. (2d) 788; *Staats v. Rural Mut. Casualty Ins. Co.* 271 Wis. 543, 548, 74 N. W. (2d) 152. The trial court was therefore right in denying the company's motion for summary judgment.

It does not necessarily follow that the other defendants are also bound by the estoppel. Each of them may or may not be bound, depending on the facts. Nothing in the present record shows that either of them specifically authorized or had knowledge of the conduct of the Insurance Company's representative on which the estoppel is founded. It appears that the Ideal Laundry Company was insured against public liability by the defendant Insurance Company, but the terms and limits of the insurance contract are not disclosed. Where the insurance policy gives the Insurance Company control of the handling and adjustment of claims against the insured, the Insurance Company becomes the agent of the insured for the purpose of handling such claims, *Hilker v. Western Automobile Ins. Co.* 204 Wis. 1, 5, 231 N. W. 257, 235 N. W. 413, and where the insured turns over the settlement of the claim to the insurer in the absence of such a provision,

an agency may likewise arise. The existence and scope of such an agency in the present case, particularly with respect to the driver, and whether the insured and its driver would be bound by the unfair tactics of the insurer in negotiating for settlement, depend on the particular facts and on questions of law that may be far from clear. All three defendants filed a single motion for summary judgment, and it was apparently dealt with in the court below, and certainly in the briefs and arguments here, as a single motion, applicable alike to all defendants, without any consideration of circumstances that might produce a different result with respect to the insured truck owner and its driver than in the case of the insurer. In this situation, we think the circuit court was justified in denying the motion for summary judgment as a whole. It was not obvious that there was no issue of fact to be tried. See *Vlasis v. Cheese Makers Mut. Casualty Co.* 268 Wis. 389, 394, 68 N. W. (2d) 23.

If plaintiffs should prove their case of estoppel against the Insurance Company but should either fail to establish facts sufficient to bind the other defendants thereby, or elect to proceed against the Insurance Company alone under the authority of *Oertel v. Fidelity & Casualty Co.* 214 Wis. 68, 72, 251 N. W. 465, and *Kujawa v. American Indemnity Co.* 245 Wis. 361, 363, 14 N. W. (2d) 31, the action may go forward against the Insurance Company. The estoppel against that company, if established, will be broad enough to prevent it from asserting successfully that there is no right of action against the insurance carrier because the cause of action against the assured was lost by failure to make proper service of the two-year notice.

We do not find it necessary to consider the further argument forcefully pressed upon us, that sec. 330.19 (5), Stats., should be construed as inapplicable to a five-year-old child, since it is physically and legally impossible for an infant of such tender years to comply with the statute (see *Murphy v.*

*Fort Edward,* 213 N. Y. 397, 402, 403, 107 N. E. 716; *McDonald v. Spring Valley,* 285 Ill. 52, 55, 56, 120 N. E. 476); and that if it be construed as applicable to such a young child, it is unconstitutional because denying him the certain remedy in the law for injuries received which is guaranteed to every person by sec. 9, art. I of the constitution of Wisconsin, and depriving him of his property without due process of law. While the applicability of the statute to a nineteen-year-old minor, and its constitutionality as so applied, was sustained by this court in *Hoffmann v. Milwaukee Electric R. & L. Co.* 127 Wis. 76, 106 N. W. 808, decided in 1906, we are urged to limit that decision to cases where the minor is old enough to act for himself in fact if not in law. The questions thus raised are serious and important, but we do not decide them on the present record.

*By the Court.*—Order affirmed.