LANG, by Guardian *ad litem*, Appellant, v. CITY OF CUMBERLAND, Respondent.

*October 30—November 27, 1962.*

158

For the appellant there was a brief by *Doar & Knowles,* and oral argument by *James A. Drill,* all of New Richmond.

For the respondent there was a brief and oral argument by *Edward M. Conley* of Rice Lake.

FAIRCHILD, J.   Sec. 81.15, Stats., requires that no action for damages resulting from insufficiency of a highway shall be maintained unless a prescribed notice be given within thirty days after the event causing the damage. In the case of a city, notice must be given to the mayor or city clerk. It must be in writing and signed by the party, his agent, or attorney, and must supply information specified in the statute.

In this case the injured person was eleven years of age. The affidavits state that her father gave oral notice to the mayor of all matters required by the statute. The oral notice was given within thirty days. Written notice was not given.

The questions raised are (1) whether the requirement of notice applies to an injured child of eleven, and (2) whether the statements made by the mayor in response to the oral notice could support a finding that the city was estopped from relying on the failure to put the notice in writing and sign it.

1. *Age of plaintiff.* We find no opinions of the court containing full discussion of the problem of the applicability of the notice requirement to an injured child, although it is clear that the notice requirement has been so applied. In *Skiris v. Port Washington* [1] the complaint alleged that

---

[1] (1936), 223 Wis. 51, 269 N. W. 556.

plaintiff was ten years of age and that written notice was given some six months after the event. This court held that if the complaint be construed to allege a highway defect, it did not state a cause of action because it failed to allege timely notice.

In *Reed v. Madison* [2] the plaintiff was seven years old at the time of injury. The court stated that the notice requirement was applicable and, "The father of the plaintiff, and her natural guardian, could have given the notice in her behalf as her agent. This was necessary, she being under disability of infancy." It was decided, however, that service of a complaint by the father in his own behalf, constituted sufficient notice for the purposes of action by the minor.

In *McKeague v. Green Bay* [3] the decision in *Reed* that the father's complaint constituted sufficient notice in the minor's action was criticized and apparently overruled. Mr. Chief Justice CASSODAY filed an opinion stating that the *Reed* decision should not be overruled, pointing out the problem which arises when the injured person is so young as to be incapable of serving the notice. He said: "But the overruling of the cases mentioned naturally suggests to the legislature whether such strict construction should be applicable to persons incapable of acting for themselves, and hence dependent entirely upon the voluntary action of someone in their behalf."

A similar problem has been considered under the statute previously in force, providing that no action for personal injury be maintained unless notice of injury be served within a specified period. [4]

In *Hoffmann v. Milwaukee E. R. & L. Co.* [5] we examined the question whether minors are required to give the notice

---

[2] (1892), 83 Wis. 171, 179, 53 N. W. 547.
[3] (1900), 106 Wis. 577, 584, 82 N. W. 708.
[4] Sec. 330.19 (5), Stats. 1955.
[5] (1906), 127 Wis. 76, 79, 81, 106 N. W. 808.

required by the then one-year notice-of-injury statute. We held that the statute,

". . . imposed a condition, by its terms, upon all persons, without exception, to serve the notice provided for in order to maintain an action after the expiration of one year from the happening of the event causing the damage. No exception is made in favor of minors in this statute, and none can be ingrafted upon it by the courts. . . .

"So the mischief to be avoided by the act required the service of notice by all, minors as well as adults, in order to accomplish the result, and it is not unreasonable to believe that the legislature had this in mind when the act was passed and concluded to make no exemption in favor of minors, but leave the protection of their rights to those charged with their care and maintenance. But it is not for us to speculate as to the purpose of the legislature. It is sufficient to say that minors are not exempted from the operation of the law, and we cannot disregard its plain language. Whether it would have been wise for the legislature to have exempted minors from the operation of the statute requiring notice to be given is a question for the legislature and not for the courts."

The *Hoffmann Case* was followed in *Staszczuk v. Gilman Mfg. Co.*[6] although in *Will v. Jessen*[7] we noted:

"While the applicability of the statute to a ninteen-year-old minor, and its constitutionality as so applied, was sustained by this court in *Hoffmann v. Milwaukee Electric R. & L. Co.* 127 Wis. 76, 106 N. W. 808, decided in 1906, we are urged to limit that decision to cases where the minor is old enough to act for himself in fact if not in law. The questions thus raised are serious and important, but we do not decide them on the present record."

It should be pointed out that if this question be serious under a statute requiring notice within two years, it is more serious under a statute requiring notice within thirty days.

[6] (1915), 159 Wis. 615, 150 N. W. 982.
[7] (1956), 273 Wis. 495, 501, 78 N. W. (2d) 905.

Although it appears to be the majority rule that statutes containing notice requirements like our sec. 81.15, Stats., apply as strictly to minors as to adults, several courts have either refused to apply the notice requirements to minors at all, or have held them inapplicable to minors judicially determined to be so young as to be incapable of protecting their rights.[8]

The problem has now also been expressly covered by legislation in New York, permitting the court to extend the time for notice where the claimant is an infant, or mentally or physically incapacitated, provided application be made within one year.[9] We think that the problem merits attention by the Wisconsin legislature.

The writer of this opinion would prefer to recognize an exception from the notice requirement of a child incapable of appreciating the significance of a notice requirement and of compliance with it, thus avoiding constitutional doubts, but the majority of the members of the court reach a decision on other grounds.

2. *Estoppel.* The mayor, one of the city officers designated by sec. 81.15, Stats., appears to have received oral notice of all matters required by the statute, well within the thirty-day period. Although the statute requires that the notice be written and signed, plaintiff contends that the statements made by the mayor estop the city from asserting as a matter of defense that the notice was not written or signed.

[8] See Anno. 34 A. L. R. (2d) 725; *McDonald v. Spring Valley* (1918), 285 Ill. 52, 120 N. E. 476, 2 A. L. R. 1359; *Costello v. Aurora* (1938), 295 Ill. App. 510, 15 N. E. (2d) 38; *Lazich v. Belanger* (1940), 111 Mont. 48, 105 Pac. (2d) 738; *Murphy v. Fort Edward* (1915), 213 N. Y. 397, 401, 107 N. E. 716, 717, and *Russo v. New York* (1932), 258 N. Y. 344, 179 N. E. 762, affirming 233 App. Div. 669, 249 N. Y. Supp. 871.

[9] 23 McKinney's Consolidated Laws of New York, General Municipal Law, pp. 85, 86, sec. 50–e (5).

Had the mayor listened without comment to the information given him by Cynthia's father, or had his response been consistent with the proposition that the city could not recognize the claim in the absence of proper written notice, no circumstances appear which could give rise to an estoppel. It appears from the affidavits, however, that the mayor told Mr. Lang that he should submit the medical bills and the city or its insurer would pay them. Presumably the medical care was furnished by Mr. Lang, and neither he nor the mayor may have been aware that sec. 81.15, Stats., bars an action by a father for his child's medical expenses.[10] It is clear enough, however, that a statement by the mayor that the city or its insurer would pay the bills was inconsistent with the proposition that the city would not be liable unless written notice were received within the thirty-day period. Since the matter was before the circuit court on the city's motion for summary judgment, the question is whether the facts shown by affidavits are sufficient to entitle plaintiff to a trial. Putting it another way, if the facts stated were proved upon trial, would they support a finding that the city was estopped from asserting in defense the fact that the notice was not written?

Statements in earlier decisions concerning the estoppel of governmental bodies in matters involving governmental functions have not been uniform. They do, however, support the proposition that a city or other governmental body may be estopped from asserting rights or defenses it otherwise would have, although many of the opinions stress the need for clearer proof and more-palpable inequity in such cases than in cases involving proprietary functions or private persons.[11]

---

[10] *Tande v. Vernon County* (1938), 226 Wis. 602, 612, 276 N. W. 359.

[11] *Houfe v. Fulton* (1874), 34 Wis. 608; *Ashland v. Chicago & N. W. R. Co.* (1900), 105 Wis. 398, 80 N. W. 1101; *Superior v.*

We deem it important that the officer whose statements are claimed to have raised the estoppel was one of the officers designated by the statute to receive notice, and that the statute leaves to the officer's discretion the steps to be taken to protect the city's interests upon receipt of the notice. The legislative purpose in requiring that the notice be written was doubtless twofold: (1) So that if the giving of notice were later disputed, there would be greater certainty, and (2) so that the officer receiving notice would be more likely to be impressed with its seriousness and take prompt action. Both purposes appear to have been fulfilled in the instant case without the written notice. The mayor apparently admits the notice and states that he acted upon it by notifying the insurer. He already knew some of the material facts from personal observation.

The facts shown in the affidavits suggest that the mayor's statements to Mr. Lang reasonably led him to believe that further notice was unnecessary; that Cynthia and her father reasonably relied upon such belief in failing to seek other advice before the expiration of thirty days. It is obvious that if the foregoing statements be true, it would be inequitable to hold Cynthia strictly to the requirement that the notice be written when the city had the benefit of timely oral actual notice to the mayor.

In cases under the two-year notice-of-injury statute, we have held that negotiations for settlement within the two years did not estop the defendant from asserting lack of

*Northwestern Fuel Co.* (1917), 164 Wis. 631, 161 N. W. 9; *Eau Claire Dells Improvement Co. v. Eau Claire* (1920), 172 Wis. 240, 179 N. W. 2; *State ex rel. Knapp v. Pohle* (1925), 185 Wis. 610, 202 N. W. 148; *Marathon County v. Industrial Comm.* (1937), 225 Wis. 514, 272 N. W. 374, 275 N. W. 437; *Libby, McNeill & Libby v. Department of Taxation* (1952), 260 Wis. 551, 51 N. W. (2d) 796; *Galewski v. Noe* (1954), 266 Wis. 7, 62 N. W. (2d) 703; *Park Bldg. Corp. v. Industrial Comm.* (1960), 9 Wis. (2d) 78, 100 N. W. (2d) 571.

written notice of injury as a defense.[12] We have held that representations during such negotiations that it would not be necessary to see an attorney might give rise to an estoppel.[13] In the instant case, the period allowed for taking action is only thirty days, and Mr. Lang may have reasonably understood the mayor's statement as an acknowledgment of liability although the amount of payment about which they spoke was limited to medical expenses.

Reference is made to our decision in *Geiger v. Calumet County*[14] in which we point out a difference in the approach to sec. 81.15, Stats., which results from our decision in *Holytz v. Milwaukee*.[15] Before *Holytz*, liability of the municipality arose by virtue of sec. 81.15 upon the giving of notice. Since *Holytz*, the liability would exist in the absence of the statute, and the statute is a limitation upon it.

It is our opinion that the affidavits produced by plaintiff on the motion for summary judgment show facts sufficient that upon a trial a finding of estoppel against the city could properly be reached, and therefore the motion for summary judgment should have been denied.

*By the Court.*—Judgment reversed; cause remanded for further proceedings.

[12] *Brown v. Farmers Mut. Automobile Ins. Co.* (1960), 11 Wis. (2d) 269, 105 N. W. (2d) 319.

[13] *Will v. Jessen* (1956), 273 Wis. 495, 499, 78 N. W. (2d) 905; *Foellmi v. Smith* (1961), 15 Wis. (2d) 274, 112 N. W. (2d) 712.

[14] Ante, p. 151, 118 N. W. (2d) 197.

[15] (1962), 17 Wis. (2d) 26, 115 N. W. (2d) 618.