GEORGE, Respondent, v. CITY OF MILWAUKEE, Appellant.

*No. 70.   Argued November 26, 1968.—Decided December 20, 1968.*
(Also reported in 163 N. W. 2d 166.)

For the appellant the cause was submitted on the briefs of *Ames, Riordan, Crivello & Sullivan* of Milwaukee.

For the respondent there was a brief by *Kersten & McKinnon,* attorneys, and *Kenan J. Kersten* of counsel, all of Milwaukee, and oral argument by *Kenan J. Kersten.*

CONNOR T. HANSEN, J.   The action arises out of injuries alleged to have been sustained by the plaintiff at

approximately 2:55 a. m. on January 3, 1966, when the car which he was driving in a southerly direction on North Eighty-sixth street in Milwaukee collided with a trailer shed. Sometime prior to the collision, agents and employees of the defendant caused the trailer shed to be situated in such a manner as to obstruct southbound traffic on North Eighty-sixth street. The trailer shed was not equipped with warning lights, reflectors or warning devices of any kind.

For the purposes of demurrer, it is the position of the defendant that the obstruction on the street, created by the trailer shed, constituted a "highway defect" such as would require the plaintiff to serve a "notice of highway defect" pursuant to the provisions of sec. 81.15, Stats.

The plaintiff did not serve a "notice of highway defect." Therefore, the sole issue on this appeal is whether a trailer shed which obstructs travel on a highway constitutes a "highway defect" such as would require plaintiff to serve a "notice of highway defect" upon the city pursuant to sec. 81.15, Stats.,[1] before he can maintain an action against the city.

The complaint does allege that actual notice of the collision and injuries was given to agents of the defendant on the day of the accident. A written notice of claim for satisfaction of damages for injuries was served on defendant on February 21, 1967. The claim was disallowed on May 26, 1967, and notice of disallowance was served on counsel for the plaintiff on June 13, 1967.

[1] "81.15 Damages caused by highway defects; liability of town and county. . . . [N]o . . . action [to recover damages from a highway defect] shall be maintained unless within 120 days after the happening of the event causing such damages, notice in writing signed by the party, his agent or attorney shall be given to the . . . mayor or city clerk of the city against which damages are claimed, stating the place where such damages occurred, and describing generally the insufficiency or want of repair which occasioned it and that satisfaction therefor is claimed of such . . . city or village."

Sec. 81.15, Stats., relates to damages caused by reason of the *insufficiency or want of repairs* of any highway which any town, city or village is bound to keep in repair.

We are of the opinion that the trial court properly overruled the defendant's demurrer to plaintiff's complaint. The placing of the trailer shed in the street did not constitute a defect in the highway by reason of an "insufficiency or want of repair" within the contemplation of sec. 81.15, Stats. The notice requirements of this statute cannot be so construed as to encompass the placing of a trailer shed in the street by the city itself.[2]

Counsel for the parties have directed our attention to a number of authorities for their respective positions and each has been considered.

Counsel for the appellant has endeavored to distinguish *Hughes v. Fond du Lac* (1889), 73 Wis. 380, 41 N. W. 407 and *Ziegler v. West Bend* (1899), 102 Wis. 17, 78 N. W. 164, from the case now under consideration. However, the rationale of these cases is persuasive as related to the facts alleged in the complaint in this case.

"The act of a municipality resulting in the creation of a nuisance, and the failure to make a street reasonably fit for public travel or to keep it in a proper state of repair after the original construction, are sufficiently distinct that no great difficulty, it would seem, need be experienced in distinguishing when a claim for damages falls under sec. 1339 [now 81.15] and when not. *In the one case the street is obstructed or made unsafe by some act of the municipality of commission or omission, not connected with its construction or repair; in the other the insufficiency grows out of the unsafe construction of the street or the insufficient repair of it.*" (Emphasis added.) *Ziegler v. West Bend, supra,* page 20.

Based upon the record before us, the alleged negligent placement of the trailer shed upon the street cannot be

---

[2] In 10 A. L. R. 249, the following annotation is stated:

"It seems to be generally held that the requirement of notice of the injury does not apply if the condition which caused the injury was the direct act of the municipality itself."

construed to be a defect in the highway by reason of insufficiency or want of repair.

*By the Court.*—Order affirmed.