HARTE and husband, Respondents, v. CITY OF EAGLE RIVER, Appellant.

*No. 41.   Argued January 6, 1970.—Decided February 3, 1970.*
(Also reported in 173 N. W. 2d 683.)

514

For the appellant there was a brief by *Krueger & Krueger* and *John W. Krueger,* all of Rhinelander, and oral argument by *John W. Krueger.*

For the respondents there was a brief by *Charles F. Higgins* and *Charles M. Hanratty,* attorneys, and *Robert*

*L. Wilkins* of counsel, all of Milwaukee, and oral argument by *Mr. Hanratty.*

CONNOR T. HANSEN, J. The complaint alleges the following: On July 11, 1967, Mrs. Harte was walking in a southerly direction on South First street in Eagle River when she stepped onto a "defective and dangerous area of said public sidewalk" caused by one of the concrete slabs being tilted and in excess of three inches below the adjoining slab. As a result of the fall, Mrs. Harte was hospitalized and subsequently had her leg amputated between the knee and hip. Mr. Harte's cause of action was for medical expenses, together with loss of services, consortium, society and companionship.

The complaint also alleges that "on July 13, 1967 and within 120 days from the injury, the plaintiff, Chester A. Harte, reported the injury in detail to the Chief of Police of defendant city, one Arthur Sparks, and was advised by Arthur Sparks that he would thereupon perform the ministerial act of filing the report of the accident with the proper authorities of the defendant . . . . That said plaintiffs were then directed by defendant, its officers, agents and employees, to communicate directly with its liability insurance carrier, and did, . . ."

A claim for damages was filed with defendant on July 8, 1968; and the complaint alleges, on information and belief, that the claim was denied and disallowed. A copy of the unverified claim was attached to the complaint and signed by the attorney for plaintiffs. Also attached to the complaint was a letter from plaintiffs' attorneys to defendant's insurer.

The defendant demurred to the complaint on the grounds sec. 81.15, Stats., had not been complied with in that no written notice of injury had been filed by plaintiffs with defendant in the manner prescribed by statute within the one-hundred-twenty-day period.

Sec. 81.15, Stats.,[1] has been construed to cover streets and sidewalks as well as "highways,"[2] and no question is raised as to the applicability of sec. 81.15 to this case. The only issue presented by this appeal is whether plaintiffs are barred from any further action against defendant because they failed to give written notice of injury in the manner set forth in sec. 81.15.

Prior to *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618, and the abrogation of municipal immunity, sec. 81.15, Stats., was a major exception to the rule of municipal nonliability. Thus municipalities would often times try to establish that damages were not caused by highway defects and in this manner avoid liability. Since the abrogation of governmental immunity and the enactment of sec. 895.43,[3] municipalities argue that dam-

---

[1] "81.15 **Damages caused by highway defects; liability of town and county.** If damages happen to any person or his property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city or village . . . . No such action shall be maintained unless within 120 days after the happening of the event causing such damages, notice in writing signed by the party, his agent or attorney shall be given to the county clerk of the county, a supervisor of the town, one of the trustees of the village or mayor or city clerk of the city against which damages are claimed, stating the place where such damages occurred, and describing generally the insufficiency or want of repair which occasioned it and that satisfaction therefor is claimed of such county, town, city or village. No notice given hereunder shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the time, describing the place or the insufficiency or want of repairs which caused the damages for which satisfaction is claimed, if it appears that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby."

[2] *Smith v. Jefferson* (1959), 8 Wis. 2d 378, 99 N. W. 2d 119; *LeMay v. Oconto* (1938), 229 Wis. 65, 281 N. W. 688.

[3] "895.43 **Tort actions against political corporations, governmental subdivisions or agencies and officers, agents or employes; notice of injury; limitation of damages and suits.** (1) No action

ages are caused by highway defects and seek to escape liability under the notice provisions of sec. 81.15.[4]

"*Holytz* did not change the effect of the *notice* requirement in sec. 81.15, Stats. Prior to that case, it was a condition precedent to recovery; since *Holytz*, it still is a condition precedent to recovery. A person has a cause of action against the city *provided* (or on condition that) he gives notice within the prescribed time. . . ." *Ocampo v. Racine* (1965), 28 Wis. 2d 506, 510, 137 N. W. 2d 477.

The converse is also true, *i.e.*, plaintiffs will now attempt to avoid sec. 81.15, Stats., and qualify under sec. 895.43. Both of these statutes require that notice be given within one hundred twenty days of an alleged accident and the limits of liability are $25,000. However, the more rigorous notice requirements of sec. 81.15 can be avoided if only sec. 895.43, which provides for actual notice if the delay or failure is not prejudicial, is applicable. *See Dusek v. Pierce County* (1969), 42 Wis. 2d 498, 167 N. W. 2d 246. The disparity between these two statutes was commented upon in the recent

founded on tort, except as provided in s. 345.05, shall be maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe of such corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment unless within 120 days after the happening of the event causing the injury or damage or death complained of, written notice of the time, place and circumstances of the injury or damage signed by the party, his agent or attorney is served . . . . Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the damage or injury and the injured party shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe."

[4] *See George v. Milwaukee* (1968), 41 Wis. 2d 92, 163 N. W. 2d 166.

case of *Schwartz v. Milwaukee* (1969), 43 Wis. 2d 119, 123, 168 N. W. 2d 107:

". . . Apparently a material difference in these sections is the fact that sec. 895.43 makes provision for actual notice while sec. 81.15 does not. This point, however, is not involved in the instant case. A lot of confusion in the practice would be avoided if the legislature would repeal sec. 81.15, which is no longer needed since our decision in *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618, and the amendment to sec. 895.43."

In this case, the defendant has raised the issue of compliance with sec. 81.15, Stats., by demurrer.

"As a general rule, in pleading negligence, only ultimate facts rather than evidentiary facts need to be pleaded. A complaint, when attacked by demurrer, should be liberally construed, and sustained if it expressly, or by reasonable inference, states any cause of action. . . ." *Bembinster v. Aero Auto Parts* (1959), 7 Wis. 2d 54, 57, 95 N. W. 2d 778.

Plaintiffs attached two exhibits to their complaint: A copy of a letter from plaintiffs' attorney to defendant's insurer, and a copy of the claim filed with defendant on July 11, 1968, signed by plaintiffs' attorney. No factual allegations of any consequence are in the letter. However, the claim includes a recital of how notice was given; that defendant's insurer notified Mr. and Mrs. Harte to direct all future correspondence to their insurer's office; that an "investigation and correspondence" ensued which enabled the city "to fully investigate this incident;" and that negotiations between the insurer and the Hartes were conducted within one hundred twenty days of the accident. Defendant argues the content of the claim cannot be considered in determining whether sufficient facts are alleged to overcome the demurrer since the claim was not signed by either plaintiff.

In *Laffey v. Milwaukee* (1958), 4 Wis. 2d 111, 89 N. W. 2d 801, a cause of action based on sec. 81.15, Stats.,

was the subject of a demurrer and this court held that a claim attached to the complaint could be referred to and read into the complaint.

". . . While it is not specifically alleged in the body of the present complaint that the employees of the city were negligent in creating the icy condition or in failing to remove it, such negligence is asserted in the notice to the city, a copy of which is attached to the complaint and hence can be read into the complaint for the purpose of testing the sufficiency of the pleading. *Dralle v. Reedsburg,* 140 Wis. 319, 323, 122 N. W. 771." *Laffey v. Milwaukee, supra,* 114.

In *Laffey,* as in this case, the claim was signed by the attorney for the plaintiff. *Laffey v. Milwaukee, supra,* Vol. 2682, *Appendices and Briefs,* Appellant's appendix, pp. 108, 109. Thus, this court can look to facts alleged in the claim in passing on the sufficiency of the pleadings.

The complaint states that Mr. Harte reported the injury in detail to the chief of police, Sparks, who stated he would file the report. The attached claim recites no allegation of any written notice being submitted by plaintiff, only that the incident was recited orally and the police officers present stated they "would reduce the notice of injury to writing and would file same with the proper authorities and that no further notice was necessary." There is no allegation of any written notice signed by either plaintiffs or their attorney having been given to "a supervisor of the town, one of the trustees of the village or mayor or city clerk . . . against which damages are claimed. . . ." Sec. 81.15, Stats.[5] However,

---

[5] Although actual knowledge by the city has been alleged, sec. 81.15, Stats., controls—not sec. 895.43:

"After the decision in *Holytz v. Milwaukee* the 1963 legislature enacted sec. 895.43 (formerly sec. 331.43), Stats. Plaintiff contends that sec. 895.43 which contains the proviso that failure to give the one-hundred-twenty-day notice shall not constitute a bar to an action if the municipal corporation had actual notice of the

failure of plaintiffs to strictly comply with sec. 81.15 does not necessarily bar their cause of action, particularly in light of *Lang v. Cumberland* (1962), 18 Wis. 2d 157, 118 N. W. 2d 114, which held that a municipality may be estopped from asserting sec. 81.15 as a defense.

In *Lang,* an eleven-year-old girl fell into a sewer opening as she was walking along the street. There were no barricades or warnings and water was flowing so as to hide the opening. The complaint alleged that notice pursuant to sec. 81.15, Stats., had been " 'given to, or waived by' " the city. The city moved for summary judgment supporting its action by affidavit of the city clerk that neither he nor the mayor had been served with notice. However, affidavits of the child's father and the mayor were presented in opposition. The father stated that within three or four days after the accident he contacted the mayor and told him that his daughter had been injured and intended to hold the city responsible for damages; that the mayor told him to submit the medical bills to the city for payment and they would be taken care of by the city or the insurance company; and that he had relied upon the representations of the mayor that the medical expenses would be paid by the

injury and sustained no prejudice, is applicable and saves the amended complaint from demurrer. However, sec. 895.43 is a general statute applicable to all tort claims against a municipality while sec. 81.15 is a specific statute governing tort claims based on highway defects. It is a cardinal rule of statutory construction that when a general and specific statute relate to the same subject matter, the specific statute controls.

"Conflicts between different statutes are not favored and will not be held to exist if they may otherwise be reasonably construed. In attempting to apply this principle to the notice requirement of secs. 81.15 and 895.43, Stats., we are unable to perceive a basis of construction which will remove the conflict which results from inclusion of the aforenoted proviso in sec. 895.43. Therefore, we are forced to invoke the rule that, where a specific statute conflicts with a general statute, the former must control." *Raisanen v. Milwaukee* (1967), 35 Wis. 2d 504, 515, 516, 151 N. W. 2d 129.

city. The mayor in his affidavit stated he was aware of the conditions with the sewer covers and the fact the young girl had been injured, and that he had told the father to submit the medical bills to the city for payment and the city's insurer would be notified. This court held, under the circumstances of that case, the legislative purpose of sec. 81.15 was fulfilled and requiring a strict compliance with that statute would be inequitable:

"The facts shown in the affidavits suggest that the mayor's statements to Mr. Lang reasonably led him to believe that further notice was unnecessary; that Cynthia and her father reasonably relied upon such belief in failing to seek other advice before the expiration of thirty days. It is obvious that if the foregoing statements be true, it would be inequitable to hold Cynthia strictly to the requirement that the notice be written when the city had the benefit of timely oral actual notice to the mayor." *Lang v. Cumberland, supra,* 164.

Wisconsin follows the majority rule which requires a plaintiff, *who has an opportunity to do so,* to plead specifically estoppel *in pais,* and when estoppel is not pleaded, the facts relative thereto are inadmissible in evidence. *Schneck v. Mutual Service Casualty Ins. Co.* (1963), 18 Wis. 2d 566, 119 N. W. 2d 342. When, however, there has been no opportunity to plead estoppel, evidence has been held admissible because of the lack of opportunity. *Gans v. St. Paul Fire & Marine Ins. Co.* (1877), 43 Wis. 108; *Baierl v. Riesenecker* (1930), 201 Wis. 454, 227 N. W. 9, 230 N. W. 605.

The demurrer interposed by defendant precluded plaintiffs from specifically asserting estoppel, and plaintiffs could not know defendant would rely upon the written notice requirement of sec. 81.15, Stats. Therefore, the question is whether facts alleged in the complaint and attached exhibits are sufficient to give rise to estoppel similar to *Lang v. Cumberland.*

". . . . The doctrine of estoppel springs from equitable principles and the equities in the case. It is designed to aid the law in the administration of justice where without its aid injustice might result. Thus, the doctrine of equitable estoppel or estoppel in pais is founded upon principles of morality and fair dealing and is intended to subserve the ends of justice. It always presupposes error on one side and fault or fraud upon the other and some defect of which it would be inequitable for the party against whom the doctrine is asserted to take advantage. It concludes the truth in order to prevent fraud and falsehood and imposes silence on a party only when in conscience and honesty he should not be allowed to speak." 28 Am. Jur. 2d, *Estoppel and Waiver,* pp. 629, 630, sec. 28.

The essential facts alleged by plaintiffs upon which estoppel can be based are as follows: Two days after the accident Mr. Harte went to police headquarters in Eagle River and gave the police officers on duty a complete account of the accident and the officers informed Mr. Harte that no further action was necessary and they would reduce the notice of injury to writing and file it with the proper authorities. Within thirty days, plaintiffs were notified by defendant's insurer. The insurer informed plaintiffs that it had been notified of the accident and instructed plaintiffs that "all future correspondence should be directed to their offices." Within one hundred twenty days of the accident, the insurer and plaintiffs entered into negotiations. Subsequently, and still within the one-hundred-twenty-day period of the accident, plaintiffs obtained the services of an attorney.

Defendant argues estoppel has not been properly pleaded in that no allegation of reliance has been made. Defendant distinguishes this case from *Lang* wherein statements by the mayor led the complainant to believe it was not necessary to seek further advice, whereas in this case there was no such reliance since plaintiffs con-

tacted an attorney within the one-hundred-twenty-day period allowed for notice within sec. 81.15, Stats.

There is no question but what plaintiffs' attorney, upon being retained, should have made certain the written notice of injury had been filed. However, the fact an attorney had been contacted within the one-hundred-twenty-day period does not mean there was no detrimental reliance. The actions of defendant in notifying its insurance carrier, the defendant's instructing plaintiffs to direct correspondence to its insurer, and the subsequent negotiations and investigation carried on by the insurer raise the reasonable inference that neither plaintiffs nor their attorney had any reason to suspect that their actions had not resulted in substantial compliance with sec. 81.15, Stats.

Defendant also argues *Lang* is not controlling because verbal notice was given in that case to the mayor, one of the parties specifically designated by statute to receive notice of injury.

"We deem it important that the officer whose statements are claimed to have raised the estoppel was one of the officers designated by the statute to receive notice, and that the statute leaves to the officer's discretion the steps to be taken to protect the city's interests upon receipt of the notice. The legislative purpose in requiring that the notice be written was doubtless twofold: (1) So that if the giving of notice were later disputed, there would be greater certainty, and (2) so that the officer receiving notice would be more likely to be impressed with its seriousness and take prompt action. Both purposes appear to have been fulfilled in the instant case without the written notice. The mayor apparently admits the notice and states that he acted upon it by notifying the insurer. He already knew some of the material facts from personal observation." *Lang v. Cumberland, supra,* 164.

In this case, it is conceded by virtue of demurrer that notice was in fact given. Thus, there is no issue as to

the first legislative purpose involved in sec. 81.15, Stats. The second purpose has also been met. It is a reasonable inference from the pleadings that a written report was filed and defendant impressed with the seriousness of that report since its insurer was notified and the case turned over to them. The fact an investigation was made and negotiations took place between the insurer and plaintiffs does not vitiate the requirement of notice, but it does clearly show that Mr. Harte's trip to the police station obtained the result contemplated by sec. 81.15. The important element in *Lang* is not that verbal notice was given a mayor, but that the mayor was in a position to recognize the seriousness of the claim and take prompt action. The only shortcomings in both *Lang* and this case are that the action of the plaintiffs did not comply with the statute in all detail. In *Lang*, there was no written report at all. In the present action, it is inferred that a written report was filed but it was not signed by plaintiffs, nor given by them to persons designated in sec. 81.15. Nevertheless, in both cases the actions of the plaintiffs resulted in substantial compliance with sec. 81.15, and these actions were sufficient to prompt the municipality to contact its insurer and turn the case over to them, thereby fulfilling the legislative objectives of sec. 81.15.

Defendant claims this case is controlled by *Rudolph v. Currer* (1959), 5 Wis. 2d 639, 94 N. W. 2d 132, wherein this court held actual notice by a policeman at the scene of an accident to be insufficient notice under sec. 81.15, Stats. However, in that case, except for information given to the policeman, the municipality did not receive any notice of any intent to make a claim. In like manner, *Raisanen v. Milwaukee, supra,* is also distinguishable as the complaint in *Raisanen* was based entirely upon sec. 895.43 (1), while the case was controlled by sec. 81.15 and no allegation of compliance with that statute was made.

Allowing defendant to assert the strict notice require-
ment of sec. 81.15, Stats., on demurrer, would be in-
equitable and the facts in this case require the application
of estoppel.

*By the Court.*—Judgment affirmed.