WILLIAM N. BELTER, District Attorney, Waushara County
You have asked my opinion whether the Department of Natural Resources' regulation NR 10.07 (8), Wis. Adm. Code, privileges a hunter to enter upon posted land to retrieve game birds which he has shot legally from a point outside the posted land. The answer to your question is no.
NR 10.07 (8) provides:
 "It shall be unlawful for any person to fail to make every reasonable effort to retrieve all game birds killed or crippled by him; and until such effort is made, such game birds shall be included in his daily bag."
 NR 10.07 (8) was promulgated under the legislative authorization of sec. 29.174 (2) (a), Stats., which provides:
 "The department shall establish open and closed seasons, bag limits, size limits, rest days and other conditions governing the taking of fish or game, in accordance with the public policy declared in sub. (1) . . . ."
That policy is to:
 ". . . conserve the fish and game supply and insure the citizens of this state continued opportunities for good fishing, hunting and trapping." Sec. 29.174 (1), Stats.
 NR 10.07 (8) must be read together with sec. 943.13 (1) (b), Stats., which provides penalties for criminal trespass against a person who "enters or remains on any land of another after having been notified by the owner or occupant not to enter or remain on *Page 205 
said premises." Under sec. 943.13 (2), posting of land constitutes notice for purposes of 943.13 (1) (b).
There is a privilege providing a defense to a prosecution under sec. 943.13, Stats., only if the "reasonable effort" demanded byNR 10.07 (7) requires a hunter to enter posted land for retrieval. See sec. 939.45 (6), Stats. A less strained reading of the regulation, however, would interpret the word "reasonable" to include only lawful efforts, since it is hardly reasonable to require a hunter to violate one law in order to avoid violating another.
Under this reading, the criminal trespass law would of course be unaffected by the regulation, and any unauthorized person who entered posted land to retrieve a fallen bird would be subject to prosecution. This reading gains support from the fact that the Department of Natural Resources does not have the power to pass a regulation which would suspend the operation of the criminal trespass statute.
In addition, statutes are to be construed together and harmonized. Kramer v. City of Hayward (1973), 57 Wis.2d 302,203 N.W.2d 871. Conflicts between statutes are not favored and will not be found to exist if avoidable through reasonable construction. Harte v. City of Eagle River (1970), 45 Wis.2d 513,173 N.W.2d 683.
Section 943.13 (1) (b) is an absolute prohibition against entering on posted land without permission. It does not indicate that a legitimate purpose would justify an otherwise illegal entry. An implied exception for retrieval of fallen birds would do violence to the language of the statute.
On the other hand, the policy underlying sec. 29.174 (2) (a) is not distorted by a reading which forbids administrative interference with the prohibition of 943.13 (1) (b). Since this reading avoids conflict between the statutes, it is to be preferred.
For all the above reasons, NR 10.07 (8) may not be construed to privilege a hunter to enter on posted land to retrieve a bird he has killed or crippled.
BCL:LMC *Page 206