HANSEN, Appellant, v. FIREMEN'S INSURANCE OF NEWARK, Respondent.

*September 30—October 29, 1963.*

138

For the appellant there were briefs and oral argument by *Ed Rudolph* of Milwaukee.

For the respondent there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *Gerald T. Hayes, Jr.*

GORDON, J. On this appeal, the parties have argued the procedural problem which attended the filing of a third version of the complaint. The third, or last, complaint was entitled "most recent amended complaint." The record is somewhat contradictory as to the circumstances surrounding the filing of such complaint.

An amended complaint (the second version) was filed pursuant to leave granted by the circuit court. There was no specific authorization to file the third complaint. However, the trial judge indicated that the defendant's demurrer would be considered as applying to both the amended complaint and the "most recent amended complaint."

The defendant had filed a motion in this court to strike this third version of the complaint; we denied such motion but granted the defendant the right to renew its contention by a motion to review. We believe that the action of the trial judge in treating the demurrer as applicable to both the amended complaint and the subsequent one constituted a tacit assent to the filing of the later document. The defendant has failed to convince us that Judge BEILFUSS erred in refusing to regard the third complaint as a fugitive document. We consider that the real issue of this appeal can be resolved by testing the demurrer as applied to either of the last two versions of the complaint. We conclude that the motion to strike the "most recent amended complaint" should be denied.

It is claimed that the promises of the defendant caused the plaintiff to permit the running of the time requirement under the Wisconsin statutes with reference to giving a thirty-day notice to a municipality after an accident.

It is alleged that the plaintiff was induced to exercise forbearance by reason of the defendant's promise to pay the plaintiff's expenses and "a reasonable sum for pain and suffering." It is also averred that the plaintiff sustained a change of position to his detriment by being induced to refrain from retaining counsel and investigators.

## I.  *The Thirty-day Notice.*

The third version of the complaint alleges that the plaintiff was visited by the defendant's adjuster "within a short time after the accident." This language of the pleading does not make it clear that the alleged broken promise was made within thirty days after the accident. However, under our liberal rules of construction of pleadings upon the challenge of a demurrer, we shall assume that the agent's promise was in fact made within thirty days.

The plaintiff did not sue the municipality and argues on this appeal that it was the defendant's broken promise which induced him to fail to meet the thirty-day requirement of sec. 81.15, Stats. Assuming it was the defendant's promise which caused the thirty days to run, it must be noted that such forbearance was in favor of neither the defendant nor its insured; it was in favor of the municipality.

There is a gap in the necessary causal chain to support the plaintiff's contention of forbearance or detriment by his loss of a possible cause of action against the city of Milwaukee. Clearly, any forbearance against the city was not the sort of detriment requested by the defendant as consideration. The defendant had no pecuniary interest whatsoever in inducing the plaintiff to forgo a possible cause of action

against the municipality. On the contrary, the defendant was interested in having the plaintiff refrain from any steps that might lead to an action against the defendant or its insured.

An enforceable claim could have been alleged if the defendant's promise would have induced the plaintiff to desist from suing the defendant or its insured until a limitations period had passed. *Will v. Jessen* (1956), 273 Wis. 495, 499, 78 N. W. (2d) 905. However, paragraphs 13, 14, and 15 of the third version of the complaint make it clear that this was not the forbearance which is claimed. Paragraph 12 alleges that as a result of his reliance on the defendant's promises, the plaintiff failed to give timely notice to the city of Milwaukee. In 1 Williston, Contracts (3d ed.), p. 606, sec. 139, the author states the rule that a detriment incurred in reliance on a promise is not sufficient consideration unless the detriment was requested as consideration.

Paragraph 16 of the complaint alleges that the defendant's agent "knew or should have known" of the plaintiff's cause of action against the city of Milwaukee "but failed to so advise him of such rights." In our opinion, this allegation is meaningless because of the absence of any duty on the part of the defendant's adjuster to so advise the plaintiff.

## II. *Forbearance in Investigating.*

The balance of this opinion will consider the complaint from the standpoint of forbearance on the part of the plaintiff in relationship to his claim against the property owner and its insurance carrier.

If Mr. Hansen or his attorney were delayed in making a timely investigation of the factual circumstances of the accident by reason of the inducement contained in the defendant's promise, a valid cause of action might be asserted. However, from paragraph 15 it can be seen that the claim against the defendant's insured failed upon a proposition

of law. In *Hansen v. Schmidman Properties* (1962), 16 Wis. (2d) 639, 115 N. W. (2d) 495, we affirmed the judgment of the trial court which had ruled as a matter of law that the defendants were not liable since the area where the plaintiff fell was either a part of the public highway dedicated and actually used by vehicles, or, at best, the place where he fell was the public sidewalk.

Since the claim against Schmidman Properties and its carrier turned on a question of law, it is apparent that the allegation that the investigation was hampered must be immaterial.

### III. *Vagueness of the Promise.*

The defendant contends that the portion of the adjuster's promise to pay "a reasonable sum for pain and suffering" is too vague to be enforceable.

The promise to pay for medical bills and loss of wages would surely not be too indefinite. The case of *Brennan v. Employers' Liability Assur. Corp.* (1913), 213 Mass. 365, 100 N. E. 633, involved a verbal agreement by an agent of an insurer to obtain a release from a claimant and to "make it right" in case the claimant failed to recover within a certain period of time. The Massachusetts court ruled that it was error to direct a verdict for the defendant insurer on the ground that this contract was void for indefiniteness. Similarly, we believe that the claim of indefiniteness would not justify sustaining the demurrer.

### IV. *Equitable Estoppel.*

The circumstances of the long course of litigation between these parties are somewhat unusual. The plaintiff has in effect kept two related, but different, causes of action moving through the courts of this state for a period of four years. The plaintiff started the litigation on his cause of action on the tort for negligence. The defendant successfully demurred. Then he started his cause of action in contract

based on the alleged repudiation of the settlement agreement by the insurer. The defendant's demurrer was sustained. The plaintiff then went back to his tort action, amended his complaint, and prosecuted such cause of action, unsuccessfully, to judgment.

The instant complaint in contract alleges as the consideration that the plaintiff forbore to prosecute his claim deriving from the tort up to the time that the defendant allegedly repudiated the settlement agreement. In view of the plaintiff's having pursued his tort action through the highest court of this state, can it reasonably be said that he has exercised forbearance by reason of an alleged repudiation of a promise to settle? In our opinion, the answer must be in the negative. Under all the facts and circumstances, we think that the plaintiff should be estopped in equity to prosecute this contract action. An equitable estoppel is applicable to bar the plaintiff from first pursuing his tort remedy to the bitter end and then attempting to pursue a remedy for the breach of a contract in which the consideration he gave was, of all things, a promise not to sue.

Equitable estoppel is a recognized doctrine appropriate for application in such a case as we have here. In *Rowell v. Smith* (1905), 123 Wis. 510, 521, 102 N. W. 1, this court said:

"Doubtless, if a person with knowledge of the facts invokes a judicial remedy upon one theory, as regards a particular subject-matter,—for example, that it produced a contract of one character,—and compels his adversary, at considerable expense, to successfully defend against such theory, it would be inequitable, at least, to permit such person to again use a judicial remedy, though consistent with the other, to recover on a different cause of action than at first alleged,—one not affected by the doctrine of *res adjudicata* or the election of remedies, but proceeding upon the theory that the transaction in question produced a contract differing somewhat from that first alleged."

Everything must have an end, and for the purposes of this litigation we think the end has arrived. In view of the peculiar circumstances of this case, we hold that the plaintiff is estopped in equity from prosecuting this contract action.

*By the Court.*—Order affirmed.