GOETZ, by Guardian *ad litem,* and another, Appellants, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

*May 10—June 7, 1966.*

[10] *Berman v. Parker* (1954), 348 U. S. 26, 35, 75 Sup. Ct. 98, 99 L. Ed. 27.

268

For the appellants there was a brief and oral argument by *Edward P. Rudolph* of Milwaukee.

For the respondent there was a brief by *Kivett & Kasdorf*, attorneys, and *Nonald J. Lewis* and *Donald C. Fellows* of counsel, all of Milwaukee, and oral argument by *Mr. Lewis*.

HALLOWS, J.   A quite similar fact situation was presented by plaintiffs' counsel in the case of *Hansen v. Firemen's Insurance of Newark* (1963), 21 Wis. (2d) 137, 124 N. W. (2d) 81, and he strenuously argues the language of that case is controlling here. The particular language relied on is, "If Mr. Hansen or his attorney were delayed in making a timely investigation of the factual circumstances of the accident by reason of the inducement contained in the defendant's promise, a valid cause of action might be asserted." While the plaintiffs have incorporated part of this language verbatim in their complaint, we do not find any inducement in fact pleaded or any promise of the defendant to pay in consideration for forbearance.

The complaint merely alleges an insurance adjuster "indicated," in response to a question by the plaintiffs as to the intentions of the defendant insurance company, that there was nothing for the plaintiffs to worry about and the defendant would pay. There is no promise to pay in consideration for forbearance to bring a suit or to hire counsel. The allegation appears as a statement of intention or opinion.

True, the complaint in another paragraph alleges that in exchange for the "promise" the plaintiffs indicated they would refrain from obtaining the services or advice of any attorney and would forbear from prosecuting their claim, and they did this by reason of "the inducement

contained in the defendant's promise." But, this language is not plainly pleading an ultimate fact of the existence of a contract because of the use of the phrase "in exchange for." The most the complaint alleges is a voluntary "indication" by an insurance adjuster relied upon by the plaintiffs. This might spell out an estoppel but not a promise which sought forbearance as a consideration. This view of the pleading is practically admitted by the plaintiffs in their brief where they argue the standard practice of an insurance adjuster is not to commit his company but to indicate rather that he cannot promise anything and that the decision to pay or not to pay will have to await the completion of his investigation and a final review of higher authorities in the company. Plaintiffs argue, however, this case is a deviation from such practice to enable the adjuster to maintain control of the situation.

The trial court in sustaining the demurrer relied on the following language in the *Hansen Case*, "An enforceable claim could have been alleged if the defendant's promise would have induced the plaintiff to desist from suing the defendant or its insured until a limitations period had passed." This language should be limited to an enforceable claim in tort. *Will v. Jessen* (1956), 273 Wis. 495, 499, 78 N. W. (2d) 905, was cited for the proposition this court stated a cause of action was alleged in tort although the period of limitations had expired. This was so because the defendant insurance company was estopped from raising such defense since it had induced the plaintiff not to hire counsel. The language was not intended to mean a contract cause of action arose either before or after a statutory period of limitations has run.

Plaintiffs fail to distinguish between facts which give rise to an estoppel and a promise which is intended to induce forbearance as a consideration. While no form of words is necessary to create a promise, it must reasonably appear from a fair interpretation that the alleged

promisor has agreed to do the act in question for the consideration claimed. 5 Williston, Contracts (3d ed.), pp. 155, 156, sec. 670. The author in the same work, 1, p. 5, sec. 1A, states, "A promise must be distinguished from a statement of intention or of opinion and from a mere prophecy. Since an unsealed promise is ordinarily binding only if sufficient consideration is given for it, and statements of intention or of opinion or sounding merely in prophecy are not ordinarily given for a consideration, the distinction is not usually difficult," and on page 59, in sec. 26, "Since an offer must be a promise, a mere expression of intention or general willingness to do something on the happening of a particular event or in return for something to be received does not amount to an offer."

Here, the allegations are not that the defendant promised or offered to pay but merely that an insurance adjuster indicated the defendant would pay and because of the indication the plaintiffs forbore from bringing suit. We do not hold an insurance adjuster cannot enter into a valid contract of settlement under the terms of an insurance or liability policy, but a contract to pay some reasonable amount of damages in exchange for forbearance is either an admission of liability or an unusual promise, the authority for which must be pleaded to state a cause of action against the insurance company. Likewise, such contracts must be clearly pleaded so as to exclude mere statements of intention or of opinion or prophecy, which was not done in this case.

The plaintiffs contend the *Hansen Case* was wrongly decided in that the doctrine of equitable estoppel was applied instead of the election of remedies. The cause of action the plaintiffs may have in tort for negligence and the cause of action they attempt to plead in contract are not remedies to which the doctrine of election of remedies applies. A cause of action is distinguished from a remedy which is the means or method whereby the cause of action is effectuated. 1 Am. Jur. (2d), Actions, pp. 541, 542,

sec. 2. The actions, as we stated in *Hansen,* are related but different. In tort, the plaintiffs can sue the tort-feasor for his negligence based on what happened at the ski lodge in Michigan and, if the accident had happened in Wisconsin, could have joined his insurer on his liability policy by virtue of the direct-action clause in sec. 260.11 (1), Stats. However, the cause of action in contract is not against the tort-feasor who made no promise but solely against the insurance company for some alleged promise it made separate and distinct from the insurance contract and the acts of the tort-feasor. The two causes of action, if they exist, are against different persons and grounded upon entirely different facts.

We see no reason why a plaintiff who pursues a cause of action founded upon an alleged breach of a promise of the insurer to pay a reasonable sum of money and is unsuccessful on the merits should be permitted to go back and attempt recovery on the cause of action in tort from the tort-feasor and the insurer. The doctrine of equitable estoppel as laid down in the *Hansen Case* cuts both ways and it is immaterial which cause of action is commenced first or proceeds to the point where in good conscience the doctrine of equitable estoppel should apply.

In this case the plaintiffs may commence their action in tort if they wish. The position of the defendant in its brief has been that only a cause of action in tort existed which was not waived by bringing this suit. Nor do we think the plaintiffs have proceeded in this suit to the point where they should be equitably estopped.

*By the Court.*—Judgment affirmed.