RICE, by Guardian *ad litem,* and another, Appellants, v. ZURICH INSURANCE COMPANY, INC., and others, Respondents.*

*No. 223. Submitted March 29, 1973.—Decided May 1, 1973.*
(Also reported in 206 N. W. 2d 620.)

For the appellants the cause was submitted on the brief of *Larry W. Rader* of Wausau.

For the respondents the cause was submitted on the brief of *Tinkham, Smith, Bliss & Patterson* of Wausau.

PER CURIAM. The complaint attempted to set forth two causes of action, one in tort and one in contract for the insurance company's failure to settle as it had allegedly agreed to do. Defendants demurred on the ground that two causes of action were improperly joined and that the second cause of action failed to state facts upon which relief could be granted. The trial judge sustained the demurrer on the first ground and withheld a ruling on the second ground of the demurrer. He ordered the actions divided under sec. 263.46, Stats.

Plaintiffs went to trial on the tort action. The case was tried to a jury which found both plaintiff Leroy Rice and defendant's insured causally negligent and apportioned

---

* Motion for rehearing denied, without costs, on June 29, 1973.

the negligence 85 percent to Leroy and 15 percent to defendant's insured. On motions after verdict the trial judge ruled that plaintiffs, by proceeding to trial in the tort action, had made an election which barred them from prosecuting the contract action and entered a single judgment dismissing both causes of action.

### The tort action.

While Leroy was still in the hospital, an investigator asked him questions concerning the accident which were transcribed by a court reporter, together with his answers. On cross-examination Leroy was asked whether he had made certain of these statements, and he admitted making them. Some of them were directly contrary to his testimony on the trial. Plaintiffs' counsel requested and received permission to read other questions and answers to the jury so that the statements which were being used for impeachment purposes on cross-examination could be taken in context. Later on, counsel for the defendants called the court reporter who transcribed the questions and answers and had her identify her transcription. He then offered it in evidence and it was received over objection.

The transcription should not have been received. It was not receivable as the testimony of Leroy because, as the trial court noted, it was not a deposition. Therefore, it was the out-of-court statement of the court reporter, and was inadmissible hearsay unless the court reporter had no independent recollection of the questions and answers. *Harper, Drake & Asso. v. Jewett & Sherman Co.* (1971), 49 Wis. 2d 330, 182 N. W. 2d 551. Plaintiffs' counsel did not object on grounds of hearsay. The admission of the transcription was not prejudicial error, because Leroy and already been cross-examined about his prior inconsistent statements contained in the transcription. In fact, the admission of the transcription made the context of the questions and answers used on

cross-examination clear, which was the purpose of plaintiffs' counsel when he read from the transcription to the jury.

The statement which Leroy gave to a traffic officer within seventy-two hours after the accident was admissible because sec. 885.28 (1), Stats., does not apply to a statement given to a law officer in the ordinary course of his duties of investigating an accident when he had no interest in the outcome of any lawsuit involving the accident. *Keplin v. Hardware Mut. Casualty Co.* (1964), 24 Wis. 2d 319, 129 N. W. 2d 321, 130 N. W. 2d 3.

Plaintiffs complain that a signed statement taken by the investigator for the insurance company was used to impeach a witness, although she denied the accuracy of the statement. The witness acknowledged the signature on the statement to be hers. That is sufficient authentication to justify its admission into evidence. *Jensen v. Heritage Mut. Ins. Co.* (1964), 23 Wis. 2d 344, 127 N. W. 2d 228.

Hospital records were introduced into evidence. They contained a statement, "Patient was struck on highway 10 miles west of Neillsville when he was walking across the highway." The doctor who dictated that statement into the hospital records was called as a witness in the case. He testified that he did not recall who told him. Although the statement is hearsay and should have been removed from the face of the hospital record before the record was received in evidence, there was no prejudice to the plaintiffs because a police officer was permitted to testify without objection that Leroy was crossing the road from south to north at the time of the accident, and that he made this determination on the basis of the spot where the car was damaged and the position where Leroy's body was lying after the accident.

Plaintiffs have assigned five other errors in evidentiary rulings. All these rulings were discretionary and plaintiff has not shown an abuse of the trial judge's discretion.

Leroy complains that the jury verdict is perverse because the award of $10,000 for pain and suffering, disability, and loss of wages was totally inadequate. Since the jury apportioned the causal negligence 85 percent to Leroy and 15 percent to defendant Timothy Digoski, there is no occasion to consider the verdict in the light of the standards used when we are asked to exercise our discretionary power to increase an award of damages.

Leroy suffered five fractures in the pelvic area and the healing resulted in an abnormal union causing a limp and making it appear that one of his legs is shorter than the other. One of the doctors who testified stated that Leroy's permanent disability was 25 percent of the use of the body as a whole. This doctor had examined Leroy for the purpose of testimony, not of treatment. The doctor who treated him testified that eight months after the accident he was discharged from further treatment and told to return to work. While $10,000 is certainly on the low side for the injuries suffered, it is not a perverse award.

The next error claimed is the failure of the trial court to direct the payment of guardian *ad litem* fees by the defendants. Sec. 256.48, Stats., does not authorize the court to direct the payment of guardian *ad litem* fees by the successful party. *Puhl v. Milwaukee Automobile Ins. Co.* (1959), 8 Wis. 2d 343, 99 N. W. 2d 163.

### The contract action.

The judgment entered in this case should not have dismissed plaintiffs' contract claim on the merits. Prior to trial on the merits of the tort action, the trial judge had sustained a demurrer to the complaint because two causes of action were improperly joined. Any contract action for failure to settle would not lie against the insured, only the insurer. Therefore, all the parties to the action were not affected by both causes of action, and the ruling on demurrer was correct. Sec. 263.04, Stats. The

trial court's theory in entering judgment dismissing both causes of action was that the plaintiffs would be equitably estopped from pursuing the contract cause of action under our holdings in *Goetz v. State Farm Mut. Automobile Ins. Co.* (1966), 31 Wis. 2d 267, 142 N. W. 2d 804, and *Hansen v. Firemen's Insurance of Newark* (1963), 21 Wis. 2d 137, 124 N. W. 2d 81. However, the order on demurrer did not limit the right of the plaintiffs to bring a separate action in contract. Accordingly, any judgment against the plaintiffs could not be on the merits. *A C Storage Co. v. Madison Moving & Wrecking Corp.* (1968), 38 Wis. 2d 15, 155 N. W. 2d 567.

In this case, the trial court did not require plaintiffs to strike one cause of action and resubmit the other as an amended complaint. Instead, the court ordered the actions to be divided under sec. 263.46, Stats. Thus, the contract matter continued to stand as a separate action against the insurance company. The insurance company has not yet pleaded to that complaint. Judgment in the contract action can only be rendered after issue is joined and appropriate motions are made or a trial had.

That portion of the judgment which dismisses plaintiffs' action for breach of contract is reversed; the balance of the judgment is affirmed. No costs to be taxed.

BEILFUSS, J., took no part.