■ JOSEPH KOOPERMAN et al., Appellants-Respondents, v. ALEXANDER PICOULT et al., Respondents-Appellants. JOSEPH KOOPERMAN et al., Respondents, v. ALEXANDER PICOULT et al., Appellants.— Cross appeals from an order of the Supreme Court at Special Term, entered June 9, 1972 in Ulster County, which denied plaintiffs' motion for summary judgment against the defendants and denied defendants' cross motion for summary judgment dismissing the complaint; and appeal from an order of the Supreme Court at Special Term, entered August 4, 1971 in Ulster County, which granted plaintiffs' motion to vacate defendants' demand for a bill of particulars and denied defendants' cross motion for an order precluding the plaintiffs from presenting evidence. The plaintiffs are attorneys and copartners and they bring the action underlying these appeals to recover for professional services rendered to the defendants who were partners operating a poultry business. Substantial losses compelled the defendants to discontinue their business and a supplier, Ralston-Purina Company, contended that the defendants owed them substantial sums of money. The defendants consulted the plaintiffs and entered into an agreement which, in pertinent part, reads as follows: " For the services rendered and to be rendered in those matters you are to pay us and we are to receive from you, as hereinafter mentioned, the sum of Three Thousand, five hundred ($3,500.00) Dollars, and in addition thereto *one-third of any and all moneys allowed to or recovered by you,* whether by suit, settlement or otherwise, from the Ralston Purina Company, over and above the sum of Thirty-four thousand, five hundred ($34,500.00) Dollars, and in addition thereto all necessary disbursements and all costs, if any, awarded to you in any action or actions now or hereafter instituted by or against you in connection with said claims " (italics added). Thereafter Ralston-Purina Company commenced an action against the defendants in Supreme Court and the defendants answered and counterclaimed and also commenced an action against Ralston-Purina Company in Federal court, alleging price discrimination by Ralston-Purina. The Federal court action concluded with a stipulated compromise whereby Ralston-Purina Company granted the defendants a $10,000 credit against any recovery that Ralston-Purina Company might obtain against the defendants in the Supreme Court action, with the clear understanding that the above amount was a credit only. The Supreme Court action was concluded after seven weeks of trial, with Ralston-Purina recovering $68,547.19 against the defendants and with the defendants recovering a verdict of $36,472.25 on their counterclaims. Plaintiffs thereafter wrote defendants, asking for $12,513 in fees, pointing out that the services extended over a five-year period and that they included a seven-week trial. The defendants refused to pay and the plaintiffs commenced this action and both parties moved for summary judgment. In arriving at a fee of $11,353, the amount claimed due upon the motion for summary judgment, the plaintiffs used the following formula: One third of the amount allowed to the defendants in excess of $34,500 or $10,611.10, plus $3,500 set forth in the retainer agreement, plus costs and offset costs of $628.42, plus disbursements of $113.98, for a total of $14,853.50. Admittedly, the $3,500 has been paid, leaving the balance due, according to the plaintiffs, of $11,353.50. The above amounts, or the amounts from which they are derived, were established by the trial court at the conclusion of the trial. The defendants contend,

*inter alia,* that the retainer agreement is ambiguous and that the plaintiffs are not entitled to share in any interest and that, in fact, no interest was awarded. Special Term, agreeing with the defendants that the agreement was ambiguous, found that there was a question of fact as to the intention of the parties. With this finding we cannot agree. It appears to us that the language of this agreement is crystal clear and is not susceptible to misunderstanding or confusion and therefore the intent of the parties must be gleaned from within the contract. (*Morlee Sales Corp.* v. *Manufacturers Trust Co.,* 9 N Y 2d 16.) In clear language, the defendants agreed to pay one-third " of any and all moneys allowed to or recovered by ". The defendants' reliance upon the general rule referred to in *Matter of Smith (Raymond)* (214 App. Div. 622) and *Matter of City of New York (Hawke)* (148 App. Div. 326, affd. 204 N. Y. 671) is misplaced in that these rules apply only where the contract is ambiguous. In regard to the defendants' contention that interest was not awarded, it has been held that the provision in CPLR 5001 (subd. [a]) is mandatory (*McLaughlin* v. *Brinckerhoff,* 222 App. Div. 458). Defendants contend that because the trial court used the expedient of offsetting the awards before determining the interest due, interest was not awarded. We cannot agree and if the conventional method of computing interest had been used, the result would not have been substantially different. Since interest must be awarded, it must be presumed that the court properly carried out its duties, even though it did not explicitly so state (*Herlihy* v. *Watkins,* 252 App. Div. 605). In reference to defendants' claim that plaintiffs are not entitled to share in the award of interest when such award is made, we find no merit. The agreement clearly stated " one-third of any and all moneys ". The authorities relied upon by the defendants are all clearly distinguishable. By reason of this conclusion, issues raised in the cross appeals from the order entered August 4, 1971 in this matter need not be determined here. Order modified, on the law, by granting summary judgment in favor of plaintiffs in the amount of $11,353.50, and, as so modified, affirmed, with costs. Appeal from order entered August 4, 1971 dismissed, as moot, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Main, JJ., concur.