**William PAPPAS, Receiver for Charles City College, Appellant,**

v.

**Sondra BEVER, Fiduciary of the Estate of Philip Bissonnette, Jr., Appellee.**

No. 2–56295.

Supreme Court of Iowa.

June 26, 1974.

Boyd G. Hayes, Charles City and William Pappas, Mason City, for appellant.

Larson & Carr, Charles City, for appellee.

Heard by MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Plaintiff William Pappas, receiver for Charles City College, appeals trial court's judgment denying enforcement of a fund-raising pledge against defendant Sondra Bever, executor of the estate of Philip Bissonnette, Jr. No evidence was offered bearing on the meaning of the pledge instrument. The court held the instrument alone was insufficient to show the pledge was obligatory. We affirm.

In relevant part the executed form read as follows:

> I/we intend to subscribe to the College Founder's Fund the sum of Five Thousand——no/100 Dollars.
>
> I intend to pay [ ] Monthly [ ] Quarterly [ ] Semi-Annually [√] Annually over 60
> 36 months beginning 1967 * * * *.
>
> Name Philip Bissonette [signature]
> Address 301 – 2nd Ave.

The form was printed except for the blanks designating the amount of the pledge, terms of payment, signature and address of the pledgor. Bissonnette paid $1,000 on the pledge in 1967 and $1,000 in 1968. The college closed in May 1968, and he made no further payments prior to his death May 15, 1969.

The same fund-raising project and pledge form were involved in Pappas v. Hauser, 197 N.W.2d 607 (Iowa 1972). There the court held extrinsic evidence could be considered in determining whether the parties intended the pledge to be obligatory or not. Such evidence showed the background of the fund-raising drive, preparation of the form and circumstances surrounding its execution, including statements attributed to the college's fund-raiser to the effect the pledge was only a statement of intention and not binding. Based upon this record the court held the pledge to be nonobligatory. Three members of the court concurred specially on the ground they would hold the pledge

form as illuminated by evidence of background and surrounding circumstances was nonobligatory without resort to the fund-raiser's statements. There was no disagreement with the principle that extrinsic evidence is admissible which throws light on the situation of the parties, antecedent negotiations, the attending circumstances and the objects they were striving to attain. See Egan v. Egan, 212 N.W.2d 461, 464–465 (Iowa 1973).

In the present case the pledge form stands alone, there being no evidence *dehors* the instrument which purports to cast light on its meaning. Thus we reach the problem not decided in the Hauser case, whether the pledge form standing alone is obligatory or not. See 197 N.W.2d at 613.

Without extrinsic evidence bearing upon the intention of the participants, we must attempt to ascertain the meaning and legal effect of the pledge form by giving the language used in the instrument its common and ordinary meaning. Kinney v. Capitol-Strauss, Inc., 207 N.W.2d 574, 576–577 (Iowa 1973); Gendler Stone Products Co. v. Laub, 179 N.W.2d 628, 630 (Iowa 1970). No useful purpose would be served by repetition of the authorities treating the meaning of the word "intend" in various contexts. They are collected in Pappas v. Hauser, supra, at 612–613. In addition, see Goetz v. State Farm Mutual Automobile Ins. Co., 31 Wis.2d 267, 142 N.W.2d 804 (1966); 1 Williston on Contracts § 1A at 5 (Third Ed. 1957). These authorities demonstrate that when words expressing an intention to do something in the future stand alone, they are not a promise and hence do not create an obligation. A mere expression of intention is not a promise.

The distinction between a statement of intention and a promise is explained in 1 Corbin on Contracts § 15 at 35 (1963):

> "A statement of intention is the mere expression of a state of mind, put in such a form as neither to invite nor to

justify action in reliance by another person. A promise is also the expression of a state of mind, but put in such a form as to invite reliance by another person * * *."

The language of the pledge form in this case, standing alone, shows nothing more than a statement of intention. There is no evidence the pledge was intended to be obligatory.

■ Even if the language were viewed as uncertain, the conclusion is the same. We are dealing with language printed on the pledge form by the fund-raiser in this case, and doubtful language in a written instrument is construed against the party who selected it. Kinney v. Capitol-Strauss, Inc., supra, 207 N.W.2d at 577; 3 Corbin on Contracts § 559 (1960); 4 Williston on Contracts § 621 (Third Ed. 1961); 17 Am.Jur.2d Contracts § 276; 17A C.J.S. Contracts § 324.

■ Plaintiff contends the fact two payments were made proves the pledge was obligatory. This is a bootstrap argument. The mere fact a person carries out in part what he said he intended to do does not convert his statement of intention into a promise.

It was plaintiff's burden to prove the pledge was intended to be obligatory. We agree with trial court he failed to do so.

Affirmed.