**Nabih F. HELMI, M.D., Appellee, Cross-Appellant,**

v.

**ANESTHESIA ASSOCIATES, P.C., A Professional Corporation, Appellant, Cross-Appellee.**

**Nos. 79–1652, 79–1726.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1980.

Decided April 11, 1980.

Thomas P. Melloy, Lane & Waterman, Davenport, Iowa, for Helmi; Dana M. Craig, Davenport, Iowa, on brief.

John J. Carlin, Carlin & Associates, Davenport, Iowa, for Anesthesia Associates, etc.

Before BRIGHT, ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

This case involves the construction of a written contract between Dr. Helmi and Anesthesia Associates, P.C. (A.A.). Under this one year employment contract, Dr. Helmi was to be paid a base salary of $42,000 and gross receipts over $58,000 which his work earned for the corporation.[1] Under a separate section of the contract he was also entitled to participate in any pension plan then in effect "as soon as Dr. Helmi shall have been employed for a period of six (6) months * * *." Contributions under the pension plan were to be made by A.A. and section 4.01–F of the pension trust agreement provided that such contributions equaled "twelve times 10 percent (not to exceed 50%) of the Participant's Monthly Pay on the date he becomes a Participant." At the end of the twelve month period, A.A. paid Helmi the sum of $31,704.64 in addition to the previously paid base salary. A.A. had paid to Aetna Life Insurance Co. $2100 "for the first six months of your employment" and A.A. also gave Dr. Helmi an additional check for "the remaining $2100" from the pension trust.[2]

The payment of the bonus was based upon A.A.'s interpretation of the compensation provision of the contract to the effect that Dr. Helmi should receive only that part of the excess above $58,000 which was *actually collected* by A.A. during the contract year. Dr. Helmi maintained that the bonus should be based upon gross receipts over $58,000 *earned* during the year, whether received during the contract year or thereafter. The United States Magistrate entered a memorandum opinion and order interpreting the contract in the same manner as Dr. Helmi. This was adopted by the district court.

The amount of judgment awarded by the district court for salary and bonus was $96,166.20, less $42,000 paid in salary and $31,704.64 paid as a bonus. It also deducted the $2100 paid to Dr. Helmi from the pension fund but added $2100 for a "pension amount still unpaid." The net amount allowed was thus $22,461.56. Subsequently A.A. filed a motion to reduce the award by $2100 claiming only one $2100 pension payment was due under the contract and had been paid to Dr. Helmi. The court granted the motion and reduced the award by $2100 to $20,361.56.

A.A. now appeals from this judgment as amended and Dr. Helmi cross-appeals in regard to the proper amounts of pension contributions affecting that judgment.[3] We affirm the magistrate's opinion, as adopted by the district court, that compensation for salary and bonus under the terms of the contract should be determined based on all the money received by the corporation for the services of Dr. Helmi

---

1. The relevant and disputed contract section reads:

     The Corporation shall pay DR. HELMI a sum of Forty-Two Thousand Dollars per year for and during the initial twelve (12) month period. He shall also be paid the gross receipts over Fifty-Eight Thousand Dollars for his work earned for the Corporation during the initial twelve (12) month period.
   Paragraph 1.A.(2) of the *Agreement*.

2. These quotes are from a letter from Dr. Glowacki of A.A. to Dr. Helmi dated May 31, 1975, plaintiffs' Exhibit 9.

3. Under Iowa law, the language in a written contract is to be given "its common and ordinary meaning," *Pappas v. Bever*, 219 N.W.2d 720, 721 (Iowa 1974); and the entire contract is to be considered in an effort to determine the meaning of any one part, *Greenberg v. Alter Co.*, 255 Iowa 899, 904, 124 N.W.2d 438, 441 (1963).

which he performed during the twelve month period regardless of when received. The net amount due under this part of the contract was $22,461.56. However, as to the pension payments and the issues of the cross-appeal, we find several factual questions that require further consideration by the trial court.

 The pension contributions by A.A. on behalf of Dr. Helmi were made pursuant to a pension plan which was separate and apart from the contract establishing his yearly salary and bonus. The only connecting factor between the pension plan and the contract was the contract paragraph providing that "as soon as DR. HELMI shall have been employed for a period of six (6) months, and to the extent that it [A.A.] then has a pension plan in effect, that he shall be qualified for participation thereunder."[4] A.A. voluntarily sent Dr. Helmi $2100 from the pension trust for the second six month period of his employment. Therefore, while the magistrate was correct in determining that Dr. Helmi was entitled to the $2100 check that he received from the pension trust, the magistrate erred in subtracting this $2100 from the $22,146.56 due as bonus. As to the proper amount of additional pension contributions refundable to Dr. Helmi, if any, we remand this case to the district court for further consideration and direct the court to make a finding on the following three questions: 1) Whether pursuant to the pension plan and contract provisions, A.A. was obligated to contribute to the pension fund on behalf of Dr. Helmi the amount of $2100 or $4200?[5] 2) If the proper contribution was $4200, to what extent, if any, is the $2100 paid to Aetna Life refundable? 3) If such payment to Aetna Life is refundable, has it been refunded and should it be paid to Dr. Helmi by the pension fund or A.A.?

The district court shall make these factual determinations and order the resulting proper amount of judgment. Reversed and remanded for further proceedings consistent with this opinion.

Glowacki of A.A. which indicates clearly that at that time A.A. understood it was obligated to make the full $4200 pension plan contribution for Dr. Helmi. See footnote 2.

---

4. Paragraph 1.A.(6) of the *Agreement.*

5. On remand the trial court should consider the contract between A.A. and Dr. Helmi, the pension plan and other available evidence including the letter written May 31, 1975, by Dr.