Herman J. HERKERT, Plaintiff-Respondent,

v.

Robert STAUBER, Defendant-Appellant,

William MAZER, Richard Mazer, Mazer/Stauber Associates, P.C. and Guardian Corporation, Defendants.†

Court of Appeals

*No. 83–2150. Submitted on briefs May 13, 1985.—Decided October 24, 1985.*
(Also reported in 378 N.W.2d 704.)

---

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *David M. McDorman* and *Wayne J. Staton,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *David G. Walsh* and *Walsh, Walsh, Sweeney & Whitney, S.C.* of Madison.

Before Gartzke, P.J., Dykman, J., and Bruce F. Beilfuss, Reserve Judge.

GARTZKE, P.J. Robert Stauber appeals an order dismissing his motion to compel a law firm, Foley & Lardner, to make restitution of $38,000 garnished from his bank account. The attorneys represented Herman Herkert in the garnishment brought to enforce Herkert's judgment against Stauber. The garnishment reached about $60,000.00, slightly more than due on the judgment. With Herkert's consent, in late December 1981 the attorneys applied $38,000 from the garnishment proceeds to their bill for services and retained the balance in a trust account pending Stauber's appeal from the judgment.

March 26, 1982 the judgment was reversed as to Stauber on grounds that it was error to hold him personally liable for the breach of a contract with the professional corporation he and another architect formed. *Herkert v. Stauber,* 106 Wis.2d 545, 317 N.W.2d 834 (1982). After the judgment was reversed, the attorneys returned to him the balance in their trust account. Stauber contends that because the attorneys had a duty to hold the entire proceeds pending the appeal and have been unjustly enriched, they must return the $38,000 to him. We reject both propositions and affirm.

1. *No Duty to Hold Garnishment Proceeds Pending Appeal*

Stauber asserts that if a judgment creditor collects on the judgment pending appeal, an "automatic stay" prevents disbursement of the funds. He concludes that Herkert's attorneys had a duty to hold the garnishment proceeds until the appeal was resolved and to obtain an order from the trial court before disbursing the proceeds. We disagree.

The trial court did not stay execution pending the appeal. Merely taking an appeal does not stay the execution or enforcement of a judgment. Sec. 808.07(1), Stats. If a judgment is collected and is afterwards set aside or reversed the judgment creditor must, of course, restore it with interest from the time of execution. Sec. 806.09(1), Stats. Similarly, if the sheriff or other officer collects the judgment, the proceeds must be deposited with the clerk of court and held pending the appeal. Sec. 806.09(2), Stats. No statute, however, requires that a judgment creditor or the creditor's attorney hold the amount collected or obtain an order allowing use of the money until the appeal is decided.

Nor does the case law justify Stauber's position. Until the judgment is reversed, the judgment creditor may do as he or she pleases with moneys collected on it. *Slabosheske v. Chikowske,* 273 Wis. 144, 150, 77 N.W.2d 497, 500 (1956). If the judgment is reversed, the creditor must return the amount collected, but this is not true of the creditor's attorney who has lawfully applied part of that amount to services. The judgment was valid before reversal. *Herkert v. Stauber, supra,* contains no suggestion that the judgment was obtained fraudulently. Under these circumstances, the attorney "is under no duty to repay money which he received on account of the judgment creditor and which he retains as payment for services or for a debt owed by the judgment creditor to him (see Illustration 20) since he received the money as a bona fide purchaser." *Restatement of Restitution* sec. 74 comment h, at 311 (1937).[1] *See also* 87 ALR 174, 175–76 (1933) (citing cases from several jurisdictions to the same effect).

We conclude that Herkert's attorneys violated no statutory or case law rule by applying part of the garnishment proceeds to their fees.

## 2. *Constructive Trust Doctrine*

Stauber argues that a constructive trust should be imposed on the garnishment proceeds retained by Foley

---

[1] The *Restatement* presents the following illustration that applies to the facts of this case:

> 20. A obtains a valid judgment against B for $3000. B pays the amount of the judgment to C, A's attorney. At A's direction C expends $1000 to satisfy A's creditors and retains $2000 as compensation for his services in this suit and in previous ones. Upon reversal of the judgment, B is *not entitled* to restitution from C.

*Restatement of Restitution* at 312.

& Lardner. He asserts that Herkert's attorneys unjustly enriched themselves by taking the proceeds wrongfully, unconscionably, or in abuse of a confidential relationship. Again we disagree.

Stauber's attorney testified that one of Herkert's attorneys, Porter, agreed that he would hold the garnishment proceeds pending the outcome of the appeal. The attorney for Stauber's codefendants testified that in a separate conversation he reached an agreement with Porter, by which Porter would hold the garnishment proceeds pending the appeal and the attorney would stop his attempts to "obstruct" the garnishment.[2] Porter testified that he told both attorneys that he intended to hold the proceeds pending the appeal but that he indicated he was not promising anything. In Porter's letter to Stauber's attorney some four days after the conversation Porter wrote, "I told you what our present intentions were concerning receipt of monies pending appeals. I made no representation of any sort to you." Stauber's attorney testified he understood Porter's letter as to "present intentions" to confirm that Porter would hold the money pending appeal.

■ The trial court found that the evidence regarding both conversations and the correspondence showed only that Porter stated his then present intention to hold the funds pending the appeal. Because this finding is not clearly erroneous, we must accept it. Sec. 805.17(2), Stats. The trial court concluded that the evidence was insufficient to establish an agreement for an express trust. That

_____

[2] Attorney McDorman represented Stauber and Attorney Staton represented Stauber's codefendants before the trial court. McDorman was attorney of record in the original appeal. McDorman and Staton are listed as cocounsel for Stauber in the present appeal.

conclusion is not contested on appeal. The court refused to impose a constructive trust. We conclude that the court did not err.

> The constructive trust is an equitable device created by law to prevent unjust enrichment, which arises when one party receives a benefit, the retention of which is unjust to another. A constructive trust will be imposed only in limited circumstances. The legal title must be held by someone who in equity and good conscience should not be entitled to beneficial employment. Title must also have been obtained by means of actual or constructive fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong, or by any form of unconscionable conduct.

*Wilharms v. Wilharms,* 93 Wis.2d 671, 678–79, 287 N.W.2d 779, 783 (1980) (citations omitted).

Porter's statement of present intention was not a promise. Stauber had no right to rely on it as such. *Compare Goetz v. State Farm Mut. Auto. Ins. Co.,* 31 Wis.2d 267, 142 N.W.2d 804 (1966) (insurance adjuster's statement that company intended to pay claim was not a promise to pay).

No confidential relationship existed between Stauber's attorney and Herkert's attorney. Confidential relationships usually arise between a person and his or her attorney, physician, guardian, spiritual advisor, employer, or close business relation. *Will of Faulks,* 246 Wis. 319, 358–59, 17 N.W.2d 423, 439 (1945). In our system, the professional relationship between opposing attorneys generally is adversarial, not confidential. Describing this as a hotly contested case, the trial court said as much regarding Stauber's attorney and Porter.

Porter committed no wrong. No fraud is suggested. The garnishment was lawful. Herkert authorized the

withdrawal.[3] Herkert and his attorneys are not accountable for Stauber's failure to obtain a stay of execution. The attorneys violated no legal duty to Stauber or equitable principle by paying themselves from the garnishment proceeds pending the appeal. *Restatement of Restitution, supra.*

Unconscionability arises when no decent, fair-minded person would view the result without a profound sense of injustice. *Foursquare Properties v. Johnny's Loaf & Stein,* 116 Wis.2d 679, 681, 343 N.W.2d 126, 127 (Ct.App. 1983). Our supreme court has treated unconscionability as an issue of law subject to independent appellate determination. *Discount Fabric House v. Wis. Tel. Co.,* 117 Wis.2d 587, 602, 345 N.W.2d 417, 425 (1984).

When a person describes his or her "present intention," an attorney knows or should know that the speaker may change that intention tomorrow. Stauber failed to protect himself with a stay of execution both at the trial court level and at the appellate level.[4] Stauber retains his right to restitution from Herkert personally, whatever it

---

[3] The trial court made no finding as to Herkert's solvency or his attorney's knowledge of his financial condition at the time of the withdrawal in December 1981. When deposed a year later Herkert had a negative net worth of $39,132. When asked whether at the time of the withdrawal he had other liquid assets from which he could have paid Stauber, he said he did not know. During the hearing before the trial court he was asked why he paid his lawyers in December 1981. Herkert replied that under his 1980 divorce settlement, half of the Stauber judgment was payable to his former wife, and he did not want to pay her until he was sure there were no unpaid fees due on the judgment.

[4] Stauber sought a stay at the trial court level but repeatedly disregarded time limits set by the court for filing an undertaking. The trial court refused to reward such conduct with a stay. Stauber could have but did not seek a stay from the court of appeals pending his appeal. Sec. (Rule) 809.12, Stats.; sec. 808.07(2), Stats.

is worth. Sec. 806.09(1), Stats. Without applauding, we hold on the facts before us that Herkert's attorneys have not acted unconscionably.

We hold that the trial court properly refused to impose a constructive trust.

*By the Court.*—Order affirmed.

DYKMAN, J. *(dissenting)*. Were the facts as the majority relates them, I would agree with its result. However, Stauber was represented by two attorneys, not one. Attorney Staton testified that Stauber called him, and Staton agreed to become involved in the Illinois garnishment action. On cross-examination, he testified that he did so on behalf of Stauber. Staton also testified that Attorney Porter had agreed not to disburse the garnished funds until after the supreme court had decided the case in return for Staton's agreement to cease litigating the garnishment. The majority's assumption that only McDorman represented Stauber is therefore erroneous. Its conclusion depends upon its erroneous assumption, resulting in an incorrect mandate.

Though the trial court concluded as a matter of law that Stauber's first attorney was not entitled to rely upon Porter's statements, it did not consider the alleged agreement between Staton and Porter. The trial court's opinion reads: "The only evidence of Porter's 'acceptance,' however, is his October 2, 1981, letter, quoted in its entirety at p. 4, *supra.* The evidence is insufficient to establish an agreement for an express trust."

Because Staton's testimony, if believed, is evidence of an agreement between Staton and Porter, the trial judge's finding to the contrary is clearly erroneous. *Noll v. Dimiceli's,* Inc., 115 Wis.2d 641, 643, 340 N.W.2d 575, 577 (Ct.App. 1983). Because the majority does not consider Staton's testimony, it does not consider whether

that testimony, if believed by the trial court, would support a judgment in Stauber's favor.

In *Kramer v. Alpine Valley Resort,* 108 Wis.2d 417, 422, 321 N.W.2d 293, 295–96 (1982), the court repeated the conditions necessary for a cause of action based upon promissory estoppel:

> 1. The promisor must make a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee;
> 2. the promise must induce such action or forbearance; and
> 3. injustice can only be avoided by enforcement of the promise. [Citation omitted.]

In *Puttkammer v. Minth,* 83 Wis.2d 686, 688–89, 266 N.W.2d 361, 363 (1978), the court repeated the elements of a cause of action in equity for unjust enrichment:

> (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value. [Citations omitted.]

Were the trial court to believe Staton, Stauber has proven causes of action in promissory estoppel and unjust enrichment. Were I writing for the majority I would remand to the trial court with instructions to consider Staton's and Porter's conflicting testimony, make a credibility determination and, based on that determination, either dismiss Stauber's complaint or enter judgment against Porter.