**TOM RILEY LAW FIRM, P.C., Appellee,**

v.

**Donald TANG, Appellant.**

**No. 92–1849.**

Court of Appeals of Iowa.

June 28, 1994.

Mark L. Hill, Iowa City, for appellant.

Martin A. Diaz and Nester Lobodiak of the Tom Riley Law Firm, P.C., Iowa City, for appellee.

Considered by HAYDEN, P.J., and HABHAB and CADY, JJ.

CADY, Judge.

This case involves an unfortunate fee dispute between an attorney and client. Donald Tang retained the Tom Riley Law Firm to represent him as the plaintiff in an automobile accident personal injury suit. Tang signed a contingent fee agreement, which

provided, inter alia, that the Riley firm would receive one-third of the "gross recovery" in the personal injury suit. "Gross recovery" was defined as "the entire amount of money . . . collected. . . ."

The personal injury suit proceeded to trial, and resulted in a verdict for Tang of $189,-963.42. The case was subsequently settled prior to appeal for $215,000.00. This amount included prejudgment interest in the amount of $23,626.32.

Tang disputed that the law firm was entitled to one-third of the prejudgment interest as part of its contingent fee. The Riley Firm subsequently placed the disputed amount, $7875.44, in an interest-bearing account and sought to resolve the issue by filing a petition for declaratory judgment in the district court.

The district court ruled for the law firm. It found the contract language was unambiguous and prejudgment interest was part of the "gross recovery." The court also concluded Tang failed to establish his claims of fraud, mistake, undue influence and negligent misrepresentation. Finally the trial court found the contract was not contrary to public policy. Tang appeals. We affirm.

## I.

Attorney fee disputes are generally resolved under the principles of contract law. *See A Sealed Case,* 890 F.2d 15, 17 (7th Cir.1989). The basic rule in construing written contracts is the intent of the parties controls. *Iowa Fuel & Minerals, Inc. v. Iowa State Bd. of Regents,* 471 N.W.2d 859, 862 (Iowa 1991). This intent is determined by the language in the contract, unless it is ambiguous. *Id.* An ambiguity exists when a genuine uncertainty exists over two or more meanings of the terms of the contract. *Gendler Stone Products Co. v. Laub,* 179 N.W.2d 628, 631 (Iowa 1970). An ambiguity does not exist simply because the parties disagree on the meaning of a phrase. *Farm Bureau Mut. Ins. Co. v. Sandbulte,* 302 N.W.2d 104, 108 (Iowa 1981). The words in the contract are given their plain and ordinary meaning. *Pappas v. Bever,* 219 N.W.2d 720, 721 (Iowa 1974).

The parties discussed the terms of the contract before it was executed. The discussion, however, did not turn to whether prejudgment interest would be included in computing the contingent fee. The written contract, however, specifically defined "gross recovery" as the "entire amount of money . . . collected for any and all parties." Tang argues that because prejudgment interest is awarded by operation of law, it is "not collected." We find Tang's interpretation unreasonable.

The phrase "entire amount of money . . . collected" contained in an attorney contingent fee contract means the lawyer shares in the total money received by the client as a result of the litigation in which the lawyer represented the client. There is no room for distinguishing between amounts recovered for a party as damages and those received as interest on damages, and it is unreasonable to do so. In fact, Tang openly acknowledged in his testimony and requests for admissions that the entire amount "collected" on his behalf was $215,000. Prejudgment interest is clearly included in computing the amount of the attorney fees under the contingent fee contract in dispute. *See Kooperman v. Picoult,* 41 A.D.2d 980, 343 N.Y.S.2d 732 (1973) (attorney entitled to include interest in computing contingent fee).

## II.

The trial court found Tang failed to establish his claims of fraud, mistake, negligence, suppression of facts and undue influence. We will not interfere with the findings of the trial court on appeal unless we conclude from the record that the claimant carried the burden of proof as a matter of law. *K. Carr v. Hovick,* 451 N.W.2d 815, 817 (Iowa 1990). In making this determination, we examine the evidence in a light most favorable to the judgment. *Id.* Our review of the evidence reveals Tang fell far short of establishing his level of proof. Any other claims raised by Tang were not properly preserved for review on appeal. *State Farm Mut. Auto Ins. Co. v. Pflibsen,* 350 N.W.2d 202, 206–07 (Iowa 1984).

We affirm the decision of the trial court. Costs of this action are assessed to Tang.

**AFFIRMED.**